**STATE of Missouri, Respondent,**

v.

**Huntley RUFF, Appellant.**

**No. SC 88936.**

Supreme Court of Missouri, En Banc.

June 24, 2008.

Ellen Y. Suni, Dean, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Roger W. Johnson, Shaun J. Mackelprang, Asst. Atty. Gen's, Jefferson City, for Respondent.

WILLIAM RAY PRICE, JR., Judge.

## I.  Introduction

Huntley Ruff is currently incarcerated for a rape he claims he did not commit. In an attempt to prove his innocence, he sought DNA testing pursuant to section 547.035, RSMo Supp.2001. Because the trial court incorrectly overruled Ruff's motion for testing without a hearing, the judgment is reversed and the case remanded.

## II.  Facts

Huntley Ruff is serving a 160 year sentence following conviction for forcible rape, sodomy, armed criminal action, and first degree robbery. These crimes occurred in a hotel room, and the victim identified Ruff as the assailant. Ruff has always claimed his innocence. Specifically, Ruff argued that the victim saw him working at the hotel where the crimes reportedly occurred and identified him as the perpetrator in an effort to further a civil suit against the hotel.

In June 2005, Ruff filed a *pro se* motion for DNA testing pursuant to section 547.035. His motion alleged that he was factually innocent and that there was evidence from "blood, hair, semen, phosphate, saliva, tissue, [and] fibers" that could be tested for DNA, and that this testing was not available at the time of his trial in the mid–1980s. In December 2005, the trial court overruled the motion pursuant to section 547.035.2(4). Section 547.035.2(4) requires the motion to allege facts under oath that "identity was an issue in the trial." Ruff now appeals.

## III.  Standard of Review

Denial of a post-conviction motion for DNA testing is reviewed to determine whether the motion court's findings of fact and conclusions of law were clearly erroneous. *Weeks v. State,* 140 S.W.3d 39, 44 (Mo. banc 2004). The motion court's findings and conclusions are clearly erroneous only if, after review of the record, "the appellate court is left with the definite and firm impression that a mistake has been made." *Id.* (internal citation omitted). Where, as here, the motion is overruled without a hearing, this Court reviews the lower court's determination for clear error. *Id.*

## IV.  Analysis
### A.
#### 1.

Section 547.035 provides for DNA testing for any person "in the custody of the department of corrections claiming that forensic DNA testing will demonstrate the person's innocence of the crime for which the person is in custody." *Id.* To succeed

in the motion, the prisoner must allege facts under oath demonstrating that:

(1) There is evidence upon which DNA testing can be conducted; and

(2) The evidence was secured in relation to the crime; and

(3) The evidence was not previously tested by the movant . . . ; and

(4) Identity was an issue in the trial; and

(5) A reasonable probability exists that the movant would not have been convicted if exculpatory results had been obtained through the requested DNA testing.

*Id.* at 547.035.2. Here, the court overruled Ruff's motion pursuant to section 547.035.2(4). In other words, the court determined that Ruff had failed to allege facts demonstrating that identity was an issue in the trial.

### 2.

■ At the original trial, Ruff argued that the alleged victim had fabricated the rape claims to further a civil suit against the hotel and that she only identified Ruff as the assailant because she remembered his face from earlier in the day. Ruff's defense counsel summed up this theory by arguing that "[t]his is not a case of mistaken identity." The state points to this statement as evidence that identity was not at issue in the trial.

However, the DNA testing statute does not require "mistaken identity." The statute requires that "identity be at issue" in the trial, a broader concept than "mistaken identity." In the context of the statute, "mistaken identity" occurs when the defendant alleges that the crime in question was committed by another person. The phrase "identity at issue" encompasses "mistaken identity," but it also includes all cases in which the defendant claims that he did not commit the acts alleged-as opposed to

cases where the defendant admits his actions but puts forth an affirmative defense. *See Weeks,* 140 S.W.3d at 47 n. 8.

Other states have similarly held. *See Anderson v. State,* 831 A.2d 858, 865 (Del. 2003) ("Identity is always an issue in a criminal trial unless the defendant admits having engaged in the alleged conduct and relies on a defense such as consent or justification."); *State v. Donovan,* 853 A.2d 772, 776 (Me.2004) ("[I]dentity may be at issue during a trial even when the alleged victim identifies only the defendant as the perpetrator of a crime but the defendant claims no crime was committed."); *People v. Urioste,* 316 Ill.App.3d 307, 249 Ill.Dec. 512, 736 N.E.2d 706, 714 (2000) ("Where a defendant contests guilt based upon self-defense, compulsion, entrapment, necessity, or a plea of insanity, identity ceases to be the issue.").

### B.

### 1.

■ The state argues that even if identity was at issue in the trial, Ruff's motion for DNA testing failed to meet minimum pleading requirements. In reviewing the adequacy of a pleading, the court assumes all allegations are true and liberally grants all reasonable inferences therefrom. *Richardson v. Richardson,* 218 S.W.3d 426, 428 (Mo. banc 2007).

### 2.

In his petition, Ruff states that "[t]here is 'DNA' or other testable evidence covered by RSMo section 547.035 within the custody of the city, county, state or federal entities that can be tested [and the] facts of Defendant's case falls within the procedures outlined by the statute." He further states that "[t]here is a reasonable probability that the results of the defendant's conviction(s) would have been different as

outlined by the statute." Ruff then lists seven possible items that he believes can be tested, including blood, hair, saliva, and, most importantly, semen.

The adequacy of Ruff's motion must be considered in light of the purpose of section 547.035: to provide inmates an opportunity to have potentially exculpatory DNA tests performed on evidence. These inmates are unlikely to have access to specific facts without the assistance of counsel. Here, the state admitted in its brief before the Court of Appeals that vaginal swabs were collected, and that "the semen in the vaginal swabs was probably from the rapist." Resp't. Appeal Br. at 18. Any potential deficiencies in Ruff's pleading are negated by the state's admission and the resulting lack of prejudice.

## V. Conclusion

Having found that all requirements of 547.035 are satisfied, we reverse and remand with directions to order appropriate testing and relief in accordance with section 547.035.7.

All Concur.