Russell A. MCKELVEY,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. SD 29703.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 16, 2010.

Matthew Ward, Columbia, MO, for Appellant.

Chris Koster, Attorney General, and John W. Grantham, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY W. LYNCH, Presiding Judge.

Russell A. McKelvey ("Movant") appeals the judgment granting his Rule 24.035 motion for post-conviction relief.[1]  Finding that Movant has failed to raise or present any cognizable claim for appellate review under Rule 24.035(k), we affirm the motion court's judgment.

### Factual and Procedural Background

Movant was initially charged in Greene County Circuit Court case number 31307CF1893 ("the underlying criminal case") by felony information with one count of the class B felony of assault of a law enforcement officer in the second degree, see § 565.082.1, RSMo Cum.Supp. 2005, and one count of the class D felony of resisting an arrest, see § 575.150, RSMo Cum.Supp.2005.  The charges stemmed from an incident occurring March 11, 2007, when law enforcement officers attempted to stop Movant for driving while intoxicated and an extended chase ensued thereafter.

At the plea hearing on October 1, 2007, the State filed an amended felony information charging Movant with the same two

---

1.  References to rules are to Missouri Court   Rules (2009).

offenses, but added an allegation that Movant, having two prior felony convictions, was a persistent offender, *see* §§ 558.011, RSMo Cum.Supp.2004, and 558.016, RSMo Cum.Supp.2005. The State also alleged that because Movant was a persistent offender, the charge of assault of a law enforcement officer in the second degree was punishable as a class A felony and the charge of resisting an arrest was punishable as a class C felony. Pursuant to a plea agreement, the State dismissed the assault charge, Movant entered a plea of guilty to the resisting an arrest charge, and Movant was sentenced thereon as a persistent offender to five years' imprisonment.

On February 25, 2008, Movant filed a *pro se* motion pursuant to Rule 24.035, to vacate, set aside, or correct the judgment or sentence. Counsel was appointed, and an amended motion was filed on August 19, 2008, contending that Movant's "sentence [in the underlying criminal case] was in excess of the maximum authorized by law because the State of Missouri failed to prove beyond a reasonable doubt that Movant had been convicted, pled guilty to or [had] been found guilty of two or more felonies committed at different times." Movant further alleged that "[t]he state's felony information utilized two felony convictions that originated from a single episode [,]" and "[a]s such, the state failed to prove Movant was a persistent offender and unlawfully sentenced him to an extended term of five (5) years imprisonment for a class D felony."[2]

At the evidentiary hearing on Movant's amended motion, held the morning of December 5, 2008, the State conceded that Movant's claim had merit and did not oppose the motion court's sustaining of Movant's amended motion. The motion court made a docket entry stating: "Movant's motion to vacate sentence is sustained. Sentence in [the underlying criminal case] is hereby set aside. Deft to be re-sentenced in [the underlying criminal case] today at 11:30 a.m."

Later on the morning of December 5, 2008, Movant's re-sentencing was taken up in the underlying criminal case. At that time, the State tendered for filing in open court, and the trial court granted the State leave to file, a second amended felony information alleging the same charges. However, in addition to a May 19, 1989 plea of guilty and conviction on a charge of felony murder in the second degree as alleged previously in the first amended information, the State's second amended information also alleged a guilty plea and conviction for the unlawful use of a weapon on May 18, 2005, in a separate criminal case.

Movant stipulated to the prior May 18, 2005 guilty plea and felony conviction for unlawful use of a weapon, however he objected to the procedure of allowing the State to file an amended information at re-sentencing, contending that "proof of persistent offender status should be proven before he's sentenced and [the State] shouldn't have two bites at the apple." Counsel for Movant requested the imposition of a four-year sentence, the maximum for a class D felony, contending that the

2. The first amended information filed by the State and upon which Movant's guilty plea was entered and accepted alleged Movant's persistent offender status as follows:

    1. On or about the 19th day of May, 1989, [Movant] plead [sic] guilty to the crime of felony Murder in the Second Degree in the Circuit Court of Jackson County, Missouri, Case Number CR88–4189, for

events that occurred on 15th day of August, 1988.

    2. On or about the 19th day of May, 1989, [Movant] plead [sic] guilty to the crime of Armed Criminal Action in the Circuit Court of Jackson County, Missouri, Case Number CR88–4189, for events that occurred on the 15th day of August, 1988.

State in the original sentencing proceeding had not proven Movant's persistent offender status. The State argued that amendment of the charging information was proper procedure upon remand and recommended a five-year sentence, as originally agreed to by Movant and as previously imposed by the plea court. Movant was re-sentenced by the plea court to serve a five-year term of imprisonment, and a new judgment reflecting that sentence was entered in the underlying criminal case on that date.

Almost three months later, on February 27, 2009, the motion court entered in this case an "Order Pursuant To Rule 24.035," ordering remand for re-sentencing upon its finding that the State had conceded that the basis for enhancement of Movant's sentence as a persistent offender was insufficient, in that the two felony convictions alleged in the first amended information had occurred at the same time. Movant timely appeals this judgment.

### Standard of Review

"Appellate review of the motion court's action on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Rule 24.035(k)*." *Brooks v. State*, 242 S.W.3d 705, 708 (Mo. banc 2008).

### Discussion

■ In his sole point relied on, Movant contends:

> The motion court clearly erred in re-sentencing [Movant] prior to the filing of its "Order Pursuant to Rule 24.035" because the record leaves the definite and firm impression that he was denied his right to due process as guaranteed by

the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Missouri Constitution, in that the motion court's December 5, 2008 ruling did not become a final judgment until it filed its findings of fact and conclusions of law, in the form of an order, on February 27, 2009, and thus, he should not have been resentenced before that date.

The factual premise of Movant's point—the motion court re-sentenced Movant—is not supported by the record. While the motion court concluded that re-sentencing was the appropriate remedy after sustaining Movant's motion for post-conviction relief, Movant's re-sentencing was actually accomplished by the plea court in the underlying criminal case, not by the motion court in this case. Movant acknowledges this distinction in the argument portion of his brief by concluding that "[t]his Court should remand [Movant's] *criminal case,* so that he can be re-sentenced in accordance with the motion court's findings of fact and conclusions of law." (Emphasis added). While claims of error in the plea court's actions in the actual re-sentencing of Movant and in subsequently entering another judgment of conviction in the underlying criminal case are issues which could come before this Court by direct appeal or by another post-conviction motion, *see Bain v. State*, 59 S.W.3d 625, 627 (Mo.App.2001), they are not before us in this appeal.[3]

■ As previously stated, our review in this appeal is "limited" to the findings and conclusions of the motion court. Rule 24.035(k); *Brooks*, 242 S.W.3d at 708. Thus, "[c]laims that have not been presented to the motion court cannot be raised for

---

**3.** Although we do not reach Movant's due process claim in this case, it appears to us, without necessarily so deciding, that Movant's right to challenge any alleged plea court error in his re-sentencing in the underlying criminal case by direct appeal or post-conviction relief motion provides Movant constitutionally required due process.

the first time on appeal." *Samuel v. State,* 156 S.W.3d 482, 483 (Mo.App.2005) (quoting *Dean v. State,* 950 S.W.2d 873, 877 (Mo.App.1997)). Here, other than the motion court's conclusion that re-sentencing was the appropriate remedy,[4] the motion court made no findings or conclusions related to the actual imposition of any sentence upon Movant. Movant, in his point on appeal, does not allege the motion court failed to make a required finding or challenge any finding or conclusion by the motion court as being clearly erroneous. Rather, Movant claims error, never raised in the motion court in the first instance, challenging the plea court's timing of his re-sentencing in the underlying criminal case. As such, Movant has failed to raise or present any issue in this case for our appellate review within the purview of Rule 24.035(k). Movant's point is denied.

### Decision

"We presume the motion court's findings and conclusions are correct." *Nelson v. State,* 250 S.W.3d 386, 389 (Mo.App.2008) (citing *Wilson v. State,* 813 S.W.2d 833, 835 (Mo. banc 1991)). The burden is on the movant to convince this Court that the findings and conclusions of the motion court are clearly erroneous. *Allen v. State,* 233 S.W.3d 779, 782 (Mo.App.2007). In the absence of any challenge by Movant to the motion court's findings and conclusions in this case, we affirm its judgment.

SCOTT, C.J., and RAHMEYER, J., concur.

---

4. "The type of relief chosen is within the motion court's discretion." *Croney v. State,* 860 S.W.2d 17, 19 (Mo.App. E.D.1993) (citing *Proctor v. State,* 809 S.W.2d 32, 35 (Mo.App. 1991)). Movant has not challenged the type of relief—resentencing—ordered by the motion court in this case.