Charles R. GARRIS, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 92553.

Supreme Court of Missouri,
En Banc.

Dec. 18, 2012.

Rehearing Denied Feb. 26, 2013.

Louis R. Horwitz, Lou Horwitz LLC, St. Peters, for Appellant.

Shaun J. Mackelprang, Attorney General's Office, Jefferson City, for Respondent.

ZEL M. FISCHER, Judge.

Charles Garris appeals the motion court's judgment overruling his Rule 24.035 motion without an evidentiary hearing. Specifically, Garris alleges that his constitutional rights to due process and to a jury trial were violated when the trial court overruled his pretrial motions challenging the validity of §§ 558.018.5(2) [1] and 558.021.2, RSMo 2000. This Court has exclusive jurisdiction over this appeal because the appeal involves a challenge to the validity of a state statute. MO. CONST. art. V, § 3. The motion court did not clearly err in determining Garris waived his constitutional challenges when he pleaded guilty. The judgment of the motion court is affirmed.

## Procedural History

The State filed an amended complaint charging Garris with three counts of statu-

---

1. All statutory references are to RSMo Supp. 2006 unless otherwise noted.

tory sodomy in the first degree. Garris waived his preliminary hearing. The State filed an information in the trial court repeating the charges filed in the amended felony complaint. Thereafter, the State filed an amended information charging Garris as a predatory sexual offender on all three counts pursuant to § 558.018. The case was set for a jury trial to be held April 26, 2011.

Garris filed a series of motions: 1) alleging a procedural due process violation under § 558.021.2, RSMo 2000, if the hearing to determine whether he would be classified as a "predatory sexual offender" was held before the case proceeded to a jury trial; 2) alleging that § 558.018.5(2) was unconstitutional under the jury trial guarantee of the United States and Missouri constitutions; and 3) seeking to dismiss the predatory sex offender charge under count II of the second amended information. Prior to the hearing to determine if Garris was a predatory sex offender, the trial court overruled Garris' motion alleging a due process violation and took his two other motions under advisement. After the hearing, the trial court determined Garris met the statutory requirements of a predatory sex offender.

On April 22, 2011, a third amended information was filed that charged Garris as a predatory sex offender only on counts I and III, and not count II.[2] The trial court overruled the remaining motion challenging the constitutional validity of § 558.018.5(2) under the jury trial guarantee of the United States and Missouri constitutions. Garris entered pleas of guilty to all three counts. A factual basis of Garris' guilt and status as a predatory sex offender was established at the plea hear-

ing. Garris waived a sentencing assessment report. The trial court entered judgment sentencing Garris to life imprisonment on each count, to be served concurrently. The trial court set the minimum amount of time to be served prior to Garris becoming eligible for parole at 15 years.

Garris, by and through his attorney, timely filed a motion for post-conviction relief pursuant to Rule 24.035.[3] He alleged that his constitutional right to a jury trial was denied when the circuit court overruled his motion challenging the trial court's determination of his classification as a predatory sexual offender under § 558.018.5(2) and that his constitutional rights to due process were violated when the trial court overruled his motion challenging the hearing classifying him as a predatory sexual offender under § 558.021.2, RSMo 2000, before the commencement of the scheduled jury trial. The motion court overruled Garris' Rule 24.035 motion without an evidentiary hearing. Garris appeals.

## Standard of Review

"This Court's review of the denial of a post-conviction motion under Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Cooper v. State*, 356 S.W.3d 148, 152 (Mo. banc 2011). "The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." *Id.* "Movant has the burden to show by a preponderance of the evidence

2. The motion to dismiss count II was rendered moot when the State amended the information to remove the allegation of predatory sex offender.

3. This motion does not allege any claim of ineffective assistance of counsel.

that the motion court clearly erred in its ruling." *Id.*

## Analysis

Garris argues two points on appeal. First, he alleges that the motion court violated his right to a jury trial under the Sixth Amendment to the United States Constitution and article I, section 18(a) of the Missouri Constitution when it overruled his motion challenging the constitution validity of the predatory sexual offender statute, under § 558.018.5(2), before accepting Garris' guilty pleas. Second, he alleges the motion court violated his constitutional rights to due process under the Fourteenth Amendment to the United States Constitution and article I, section 10, of the Missouri Constitution when it overruled his motion alleging a due process violation under the procedures of § 558.021.2, RSMo 2000, because the predatory sexual offender status hearing was held prior to the date set for the jury trial and the State was not solely proving prior convictions as the basis for the determination of the predatory sexual offender status. Prior to analyzing the merits of these claims, this Court must determine whether the motion court clearly erred in concluding Garris had waived these constitutional challenges to the application of these statutes by pleading guilty to the charges against him.

■ It is well settled in Missouri that "[c]onstitutional violations are waived if not raised at the earliest possible opportunity." *State ex rel. York v. Daugherty,* 969 S.W.2d 223, 224 (Mo. banc 1998). Garris argues he did not waive his constitutional challenges because he raised them at the

first opportunity. Garris points out he raised them in the form of pretrial motions filed prior to his predatory sexual offender status hearing and that he again has raised them in his Rule 24.035 motion.

There is no dispute that Garris timely raised these issues, but this Court's review of this point necessarily requires a determination as to whether his knowing and voluntary plea of guilty waived these constitutional challenges.

■ In Missouri, the general rule is that a guilty plea waives all nonjurisdictional defects, including statutory and constitutional guarantees. *Feldhaus v. State,* 311 S.W.3d 802, 805 (Mo. banc 2010) (citation omitted). "A guilty plea not only admits guilt but also consents to judgment of conviction without a jury trial." *Cooper,* 356 S.W.3d at 153.[4]

■ Garris pleaded guilty to the charges against him. He does not challenge the knowing and voluntary nature of his guilty pleas, and he has not raised a claim of ineffective assistance of plea counsel. Garris has not included the transcript of the guilty plea hearing in the record on appeal. Garris contends he did not waive his constitutional challenge to the validity of §§ 558.018.5(2) and 558.021.2, RSMo 2000, because he filed pretrial motions to raise these issues at the earliest opportunity.

■ A guilty plea "represents a break in the chain of events which has preceded it in the criminal process." *Hampton v. State,* 495 S.W.2d 638, 642 (Mo. banc 1973). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with

---

4. "An exception to this general rule of waiver, however, exists when it can be determined on the face of the record that the court had no power to enter the conviction or impose the sentence." *Feldhaus,* 311 S.W.3d at 805 (italics omitted). "Except for certain double jeopardy claims ... constitutional claims raised after a plea of guilty are nonjurisdictional." *Id.* (internal citations and quotations omitted).

which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.*

This Court has previously recognized that, when a criminal defendant does not plead guilty to the charged offense, but admits to facts establishing certain elements of the offense while specifically requesting a hearing to establish those facts not admitted, such a conditional admission "in no way constitute[s] a waiver of [the defendant's] statutory right to appeal ... that part of the judgment that was subject to a contested hearing" and has held that issue to have been preserved for appeal. *State v. Craig,* 287 S.W.3d 676, 680 (Mo. banc 2009). *Craig* is clearly distinguishable because Craig did not plead guilty but merely stipulated to facts establishing certain elements of the offense and there was a contested hearing regarding the facts not admitted. *Id.* at 677. Craig directly appealed his conviction based on a sufficiency of the evidence claim rather than pleading guilty. *Id.*

 Garris has not provided this Court with the transcript of his plea hearing or otherwise demonstrated that his guilty pleas were made conditional upon the preservation of his constitutional challenges to §§ 558.018.5(2) and 558.021.2, RSMo 2000. Garris did not file a direct appeal, but rather a Rule 24.035 motion.

Rule 24.035 is based on the principle of waiver; a guilty plea serves as a waiver of any challenge to the merits of the underlying conviction. This principle of waiver is especially true and binding against a defendant whose plea is accepted because of the colloquy of questions plea courts undertake to ensure that the defendant is guilty of the crime and is knowingly and voluntarily waiving his right to trial.

*Craig,* 287 S.W.3d at 679. Garris' guilty pleas in open court are presumed, without the transcript of the plea hearing included in the record on appeal, to have been made knowingly and voluntarily in accord with Rule 24.02(b).[5]

 It is fundamental that on appeal the motion court's ruling is presumed to be correct and that the burden is on the appellant to establish that the ruling was erroneous. *State v. Cella,* 32 S.W.3d 114, 117 (Mo. banc 2000). "Having the burden of demonstrating error, it is appellant's obligation to prepare and file a [record on appeal] that incorporates the proceedings showing that the [motion] court erred." *Id.*

5. Rule 24.02(b) states:

(b) **Advice to Defendant.** Except as provided by Rule 31.03, before accepting a plea of guilty, the court must address the defendant personally in open court, and inform defendant of, and determine that defendant understands, the following:

1. The nature of the charge to which the plea is offered, the mandatory maximum penalty provided by law, if any, and the maximum possible penalty provided by law; and

2. If the defendant is not represented by an attorney, that defendant has the right to be represented by an attorney at every stage of the proceedings against defendant and, if necessary, one will be appointed to represent defendant; and

3. That defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against defendant, and the right not to be compelled to incriminate himself or herself; and

4. That if defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty defendant waives the right to a trial.

## Conclusion

In conclusion, even though there is no dispute Garris timely raised his allegations of constitutional violations before pleading guilty, his pleas of guilty waived any review as to the merits of his challenges, including the constitutional violations alleged in his pretrial motions. Garris has not demonstrated that the motion court clearly erred in overruling his Rule 24.035 motion without an evidentiary hearing. The judgment is affirmed.

TEITELMAN, C.J., RUSSELL, BRECKENRIDGE, STITH and DRAPER, JJ., concur.

