

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | WD76128 |
| v. | ) | |
| | ) | OPINION FILED: |
| | ) | March 11, 2014 |
| NELSON E. HOPKINS, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Jack R. Grate, Jr., Judge**

**Before Division One:**  Cynthia L. Martin, Presiding Judge, and
Mark D. Pfeiffer and Karen King Mitchell, Judges

Nelson E. Hopkins, Sr., appeals his convictions and sentences, following a guilty plea, for two counts of second-degree robbery in violation of section 569.030.[1]  Because Hopkins entered a guilty plea and does not challenge the subject matter jurisdiction of the plea court or the sufficiency of the charging document, we dismiss Hopkins's direct appeal.

---

[1] All statutory references are to the Missouri Revised Statutes 2000, as updated through the 2011 Cumulative Supplement, unless otherwise noted.

**Factual and Procedural Background**

On June 14, 2011, Hopkins entered a Domino's Pizza in Blue Springs, Missouri, and pulled a gun from his waistband. Hopkins waved the gun at five employees, demanding money.[2] All but two employees ran out the back door when Hopkins first entered the store brandishing his weapon. Hopkins ordered the two remaining employees to lie down on the ground; he pointed a gun at their heads and told them not to move. Hopkins then ran out the back door.

On February 9, 2012, Hopkins pled guilty to two counts of second-degree robbery. Before accepting Hopkins's guilty pleas, the court reviewed the terms of the plea agreement. Because Hopkins was found to be a prior and persistent offender, his maximum punishment was thirty years, or life imprisonment, for each count. *See* §§ 558.016.7(2); 558.011.1 (1)-(2). The State, however, noted that, pursuant to the plea agreement, it would recommend a maximum sentence of twenty years. Hopkins and his attorney both confirmed that this was their understanding of the plea agreement as well. The plea court then asked Hopkins to confirm his understanding that, by pleading guilty, he was waiving certain rights, including the right to appeal.[3] Hopkins said that he understood the rights he was waiving and stated that he had already discussed these rights with his attorney. Hopkins pled guilty, confirming his understanding that, because of his status as a prior and persistent offender, the range of punishment on each count was five to thirty years, or life imprisonment. A factual basis was presented for each count and Hopkins stated that he was entering his pleas voluntarily. The court

---

[2] Hopkins stole money from the store and one of the employees.

[3] In addition to waiving the right to appeal if he was found guilty at trial, the court noted that Hopkins was waiving the following rights: the right to plead not guilty and to have an attorney represent him at trial; the right to be tried by either a judge or jury; the right to cross-examine witnesses; the right to testify at trial; the right not to testify at trial; and the right to present his defenses to the charges. The court also noted that if Hopkins went to trial, the State would have the burden of proof, Hopkins would be presumed innocent until proven guilty, and Hopkins would have to be found guilty by a unanimous jury verdict. The plea court noted further that by pleading guilty, there would be no trial and Hopkins was waiving any opportunity to attack shortcomings in the State's case against him.

accepted Hopkins's pleas, ordered a sentencing assessment report, and scheduled a sentencing hearing for April 6, 2012.

At the sentencing hearing, the State called one witness and Hopkins called three witnesses. Hopkins presented evidence related to his personal background, military experience, diagnosis of post traumatic stress disorder (PTSD), son's murder in 2009, and community involvement (particularly in the area of crime prevention). After the testimony concluded, Hopkins's attorney informed the court that Hopkins wanted to make a brief statement before sentencing.[4] The State then presented its argument and recommended that Hopkins be sentenced to concurrent prison terms of twenty years on each count. Hopkins's attorney presented her argument and requested a sentence of "probation with a significant backup," and, if possible, for probation to be monitored by the Veteran's Court program. The sentencing court asked the State if it had any follow-up, and when it indicated that it did not, the court made a statement about how it viewed the case and sentenced Hopkins to two concurrent terms of twenty years. After the sentence was pronounced, the court accepted Hopkins's Rule 24.035 acknowledgement form and asked him if he wanted more time to discuss his post-conviction opportunities with his attorney. At that time, Hopkins, who had not yet been addressed personally by the court or made a statement, responded by asking, "Your Honor, I would like to say something if I can?" The court replied, "I've already sentenced you," to which Hopkins replied, "Yes, sir." No further discussion occurred on the subject of allocution.[5] Hopkins discussed his post-conviction

---

[4] A statement made by the defendant to the court before sentencing, either after defendant's request to make a statement or in response to the court's questioning, is commonly referred to as "allocution."

[5] The judgment indicates, via a checked box on a form document, that the court "inform[ed] the defendant of the verdict/finding, ask[ed] the defendant whether (s)he has anything to say why judgment should not be pronounced, and [found] that no sufficient cause to the contrary has been shown or appears to the court." *See* Rule 29.07(b)(1). The judgment is dated April 6, 2012. As noted, the transcript reflects that the court did not ask Hopkins whether there was any legal cause to show why judgment should not be pronounced during either his plea or sentencing hearing. Because we dismiss this appeal without reviewing the merits of Hopkins's claims, we

3

opportunities privately with his attorney before the hearing concluded. Hopkins now files this direct appeal. [6]

## Analysis

Hopkins raises four points on appeal. All of Hopkins's claims relate to the fact that the plea court did not allow him to make a statement at sentencing (allocution). First, Hopkins claims that the court erred because allocution is required under Rule 29.07(b)(1) for all criminal defendants before sentence is pronounced.[7] Hopkins argues that the denial of allocution is per se prejudicial and requires resentencing. Second, Hopkins claims that he has a due process right to allocution under Article I, section 10, of the Missouri Constitution, as well as under the Sixth and Fourteenth Amendments to the United States Constitution, when a specific request for allocution is made to the court. Hopkins claims that he preserved this issue for appeal because he made a request for allocution through his attorney before sentencing and a pro se request after sentencing. Third, Hopkins claims that, consistent with sections 557.036 and 558.021, he has a due process right under both the Missouri and Federal Constitutions to present mitigating evidence at sentencing, and that denying a defendant the opportunity to personally address the court is an abuse of discretion requiring resentencing. Fourth, Hopkins claims that Article I, section 18(a), of the Missouri Constitution provides all criminal defendants with the right to appear and defend, in person and by counsel, and that this constitutional guarantee includes the right to personally address the court at sentencing. Hopkins argues that the denial of this constitutional right cannot be harmless error because he was denied allocution and sentenced to

---

express no opinion regarding Hopkins's right to allocution. We merely note the inconsistency between the judgment form and the transcript.

[6] Hopkins also filed a timely Rule 24.035 post-conviction motion with the circuit court. However, because Hopkins was granted leave to file his direct appeal out of time, his Rule 24.035 proceeding was stayed pending the outcome of this direct appeal.

[7] All rule references are to Missouri Supreme Court Rules (2013), unless otherwise noted.

4

the maximum penalty.[8]  Before we address the merits of Hopkins's claims, we must address whether this court has jurisdiction over Hopkins's direct appeal.

Hopkins argues that, despite the limitations articulated by case law and Rule 24.035 regarding a defendant's right to file a direct appeal following a guilty plea, he did not waive his right to file a direct appeal challenging court error at the sentencing hearing by pleading guilty. The State responds that, because Hopkins pled guilty, he waived his direct appeal, except for challenges related to subject matter jurisdiction and the sufficiency of the charging document, and his exclusive remedy to raise any claims related to his conviction or sentence is through a Rule 24.035 post-conviction motion.  We agree with the State.

"'There is no right to appeal without statutory authority.'"  *State v. Larson*, 79 S.W.3d 891, 892-93 (Mo. banc 2002) (quoting *State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc 1994)). After final judgment, a defendant may appeal to the proper appellate court.  § 547.070; *see also* Rule 30.01(a) (providing that after "final judgment in a criminal case, every party shall be entitled to any appeal permitted by law").  In a criminal case, "[a] final judgment occurs only when a sentence is entered." *Williams*, 871 S.W.2d at 452 (emphasis omitted).  In the context of a direct appeal following a guilty plea, however, the right to a direct appeal is limited.

"In Missouri, the general rule is that a guilty plea waives all nonjurisdictional defects, including statutory and constitutional guarantees."  *Garris v. State*, 389 S.W.3d 648, 651 (Mo. banc 2012).  The general waiver rule exists because "'[a] guilty plea not only admits guilt but also consents to judgment of conviction without a jury trial.'"  *Id.* (quoting *Cooper v. State*, 356 S.W.3d 148, 153 (Mo. banc 2011)).  Therefore, "'[i]n a direct appeal of a judgment and sentence entered as a result of a guilty plea, our review is restricted to [claims involving] the subject-

---

[8] Hopkins was sentenced to the maximum penalty recommended by the State.  He was not sentenced to the maximum penalty allowed by law, as noted, *supra*.

matter jurisdiction of the trial court and the sufficiency of the information or indictment.'" *State v. Onate*, 398 S.W.3d 102, 105 (Mo. App. W.D. 2013) (quoting *State v. Klaus*, 91 S.W.3d 706, 706 (Mo. App. E.D. 2002)); *see also State v. Craig*, 287 S.W.3d 676, 679 (Mo. banc 2009). Rule 24.035 creates an exception to the general rule that a plea of guilty waives the right to challenge alleged error relating to the plea and sentence. "Challenges to either the voluntariness of the plea or 'the legality of the sentence imposed may be considered only in response to a Rule 24.035 motion.'" *Onate*, 398 S.W.3d at 106 (quoting *Klaus*, 91 S.W.3d at 706).

Hopkins concedes that a plea is an acknowledgement of guilt and, therefore, certain claims related to the underlying conviction are waived; he argues, however, that he waived only his right to a direct appeal of errors that occurred prior to the plea and "[c]ommon sense requires that a defendant does not waive a direct appeal from deficiencies brought about by plea court error during sentencing simply by the act of pleading guilty (absent an agreed upon sentence made as part of the plea and followed by the court)." In support of his argument, Hopkins notes that, in the context of a conviction and sentence following a jury trial, allegations of trial court error are generally not cognizable in post-conviction proceedings and must be raised on direct appeal. *See Glaviano v. State*, 298 S.W.3d 112, 114-15 (Mo. App. W.D. 2009) (noting that, in the context of a jury trial and sentencing by the court, allegations of trial court error during the sentencing hearing are cognizable in a direct appeal, not a post-conviction proceeding, "'except where fundamental fairness requires otherwise and only in rare and exceptional circumstances'" (quoting *State v. Tolliver*, 839 S.W.2d 296, 298 (Mo. banc 1992))).[9]

---

[9] Relying on *McKelvey v. State*, Hopkins also argues that Missouri courts have previously recognized that claims of plea court error are cognizable on direct appeal. 303 S.W.3d 612, 614, 614 n.3 (Mo. App. S.D. 2010). We disagree. In *McKelvey*, following a guilty plea and sentencing, the defendant filed a Rule 24.035 motion claiming that he was sentenced in excess of the maximum allowed because the State failed to prove beyond a reasonable doubt that he was a persistent offender. *Id.* at 613. At the evidentiary hearing, the State conceded the point and defendant was resentenced later the same day—a notation was made in the docket sheet indicating that the motion was sustained. *Id.* At the resentencing in the underlying criminal case, the State filed an amended information

Hopkins, however, was not convicted by a jury; therefore, reliance on cases addressing the availability of a direct appeal in that context is misplaced. Moreover, in Missouri, existing precedent supports a finding that Hopkins's claims are not cognizable on direct appeal and should be raised, instead, in a Rule 24.035 post-conviction motion. *See, e.g.*, *Taylor v. State*, 392 S.W.3d 477, 486-87 (Mo. App. W.D. 2012) (holding that, following a guilty plea, defendant's claim of retaliatory sentencing was cognizable in a Rule 24.035 proceeding). In *Taylor*, we noted that although *Glaviano* provided "some authority for the proposition that a claim of retaliatory sentencing may not be cognizable in a Rule 29.15 post-conviction proceeding if the claim could have been raised in a direct appeal," this holding was not applicable in *Taylor* "'[b]ecause no direct appeal lies from a guilty plea, [and] the defendant's claim that the sentencing court punished him for [asserting rights] ha[s] to be brought in a post-conviction proceeding.'" *Id.* at 486 n.9 (quoting *Glaviano*, 298 S.W.3d at 115).

The Southern District of this Court has also noted that, where an appellant does not challenge the plea court's subject matter jurisdiction or sufficiency of the charging document in a direct appeal following a guilty plea, but is instead "concerned about the sentence he

adding a prior conviction that had not previously been included. *Id.* McKelvey objected, arguing that proof of his persistent offender status should have been shown before sentencing. *Id.* The plea court accepted the amended information at the resentencing hearing and sentenced McKelvey accordingly. *Id.* at 613-14. Approximately three months after the evidentiary hearing and resentencing on the underlying conviction, the motion court issued a written order. *Id.* McKelvey then appealed the motion court's order, arguing that the motion court erred in resentencing him before the written order was issued. *Id.* at 614. On appeal, the Southern District affirmed the motion court's order and noted that the factual premise of McKelvey's claim was not supported by the record because the motion court did not resentence him, the plea court in the underlying criminal case did; therefore, he did not claim any error in the motion court's findings. *Id.* at 614-15. The Southern District noted, in dicta, that "[w]hile claims of error in the plea court's actions in the actual re-sentencing of Movant and in subsequently entering another judgment of conviction in the underlying criminal case are issues which could come before this Court by direct appeal or by another post-conviction motion, they are not before us in this appeal." *Id.* at 614 (citing *Bain v. State*, 59 S.W.3d 625, 627 (Mo. App. E.D. 2001) for support). *Bain*, however, is a case involving a jury verdict followed by the dismissal of an untimely direct appeal, a post-conviction motion, a resentencing, a second direct appeal, and a second post-conviction motion; it is not a case involving a direct appeal following a guilty plea. 59 S.W.3d at 626-27. Thus, we note that the reference to direct appeals in *McKelvey* was dicta and, in any event, the Southern District's reliance on *Bain* is misplaced. We do not read *McKelvey* so broadly as to hold that a defendant who pleads guilty and is sentenced can raise any claim of trial court error on direct appeal.

received . . .[, s]uch claims of error must be raised through the procedures found in Rule 24.035." *State v. Carter*, 62 S.W.3d 569, 570 (Mo. App. S.D. 2001) (noting the defendant claimed plea court erred in that the pre-sentence investigation report "resulted in a harsher sentence than [he] should have received"). Likewise, the Eastern District has held that the appropriate remedy for a defendant who pleads guilty and then claims error in being sentenced as a prior and persistent offender lies not in a direct appeal, but in a Rule 24.035 motion. *State v. Sharp*, 39 S.W.3d 70, 72 (Mo. App. E.D. 2001); *see also State v. Brooks*, 394 S.W.3d 454, 455-56 (Mo. App. E.D. 2013) (dismissing a direct appeal and noting that when a defendant challenges a sentencing court's evidentiary ruling following a guilty plea "[t]he proper procedural vehicle . . . is a motion for post-conviction relief under Rule 24.035"); *Klaus*, 91 S.W.3d at 706-07 (dismissing a direct appeal following a guilty plea in which the defendant claimed the court erroneously failed to consider probation, and noting that "[c]hallenges to the legality of the sentence imposed may be considered only in response to a Rule 24.035 motion"). Following this precedent, we find that Hopkins's claims related to alleged court error at his sentencing hearing are not cognizable in a direct appeal.

## Conclusion

Because we have no authority to review Hopkins's arguments on direct appeal related to allegations of court error at his sentencing hearing following a guilty plea, the appeal is dismissed.

Karen King Mitchell, Judge

Cynthia L. Martin, Presiding Judge, and
Mark D. Pfeiffer, Judge, concur.

8