

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | WD79707 |
| v. | ) | |
| | ) | OPINION FILED: |
| | ) | September 27, 2016 |
| STEVEN WAYNE COOPER, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Kevin D. Harrell, Judge**

**Before Division Two:**  Karen King Mitchell, Presiding Judge, and
Cynthia L. Martin and Gary D. Witt, Judges

Steven Cooper challenges his conviction for failure to register as a sex offender, a class D

felony.  § 589.425.1.[1]  Because Cooper entered a guilty plea and does not challenge the subject

matter jurisdiction of the plea court or the sufficiency of the charging document, we dismiss the

appeal.

---

[1] All statutory citations are to the Revised Statutes of Missouri 2000 as updated through the 2015 Cumulative
Supplement.

**Background**

Cooper pled guilty to first-degree sexual abuse on November 17, 1992, and received a suspended imposition of sentence. On September 2, 2014, the State filed a complaint alleging that Cooper had failed to register as a sex offender in violation of § 589.400. On January 4, 2016, Cooper pleaded guilty to not registering as a sex offender, and the trial court sentenced him to four years in the Missouri Department of Corrections, suspended execution of the sentence, and placed Cooper on probation for three years, with the condition that Cooper would have to register as a sex offender.

Cooper appealed the sentence to the Missouri Supreme Court, attacking, among other things, the constitutionality of certain ordinances and statutes. The State filed a motion to transfer the case to this court, arguing that Cooper's constitutional challenges were not real and substantial. The Court granted the motion, and transferred the case to this court.

**Analysis**

Before we address the merits of Cooper's claims, we must address whether this court has jurisdiction over Cooper's direct appeal. "In Missouri, the general rule is that a guilty plea waives all nonjurisdictional defects, including statutory and constitutional guarantees." *Garris v. State*, 389 S.W.3d 648, 651 (Mo. banc 2012). "The general waiver rule exists because '[a] guilty plea not only admits guilt but also consents to judgment of conviction without a jury trial.'" *State v. Hopkins*, 432 S.W.3d 208, 211 (Mo. App. W.D. 2014) (quoting *Garris*, 389 S.W.3d at 651). "Therefore, '[i]n a direct appeal of a judgment and sentence entered as a result of a guilty plea, our review is restricted to [claims involving] the subject-matter jurisdiction of the trial court and the sufficiency of the information or indictment.'" *Id*. (quoting *State v. Onate*, 398 S.W.3d 102, 105 (Mo. App. W.D. 2013)).

While some of his arguments are difficult to decipher,[2] it is clear that none of Cooper's six points challenge either the trial court's subject matter jurisdiction over the action ("[T]he circuit courts shall have original jurisdiction over *all* cases and matters, civil and criminal." *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009) (quoting MO. CONST. art. 5, § 14)) or the sufficiency of the indictment ("[T]he test of the sufficiency of an indictment is whether it contains all the essential elements of the offense as set out in the statute and clearly apprises defendant of the facts constituting the offense in order to enable him to meet the charge and to bar further prosecution." *State v. Metzinger*, 456 S.W.3d 84, 91 (Mo. App. E.D. 2015) (quoting *State v. Reese*, 687 S.W.2d 635, 636 (Mo. App. S.D. 1985))).

"Rule 24.035 creates an exception to the general rule that a plea of guilty waives the right to challenge alleged error relating to the plea and sentence." *Hopkins*, 432 S.W.3d at 211. "Challenges to either the voluntariness of the plea or 'the legality of the sentence imposed may be considered only in response to a Rule 24.035 motion.'" *Id.* (quoting *Onate*, 398 S.W.3d at 105). But this is not an appeal from the denial of a Rule 24.035 motion. And again, "'[i]n a direct appeal of a judgment and sentence entered as a result of a guilty plea, our review is restricted to [claims involving] the subject-matter jurisdiction of the trial court and the sufficiency of the information or indictment.'" *Hopkins*, 432 S.W.3d at 211 (quoting *Garris*, 389 S.W.3d at 651). Accordingly,

---

[2] We do not set forth the substance of the myriad arguments contained within Cooper's brief, because his various briefing deficiencies make it difficult to discern them. Each point is either vague or incoherent, in violation of Rule 84.04(d), requiring that each point "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Moreover, several of Cooper's arguments do not appear to be raised in any point relied on. "Claims of error raised in the argument portion of a brief that are not raised in the point relied on are not preserved for our review." *Holliday Invs., Inc. v. Hawthorn Bank*, 476 S.W.3d 291, 297 n.5 (Mo. App. W.D. 2015). If Cooper did have a viable right to appeal in this case, we would need to determine what, if any, claims of trial court error he preserved.

Cooper's "claims related to alleged [trial] court error . . . are not cognizable in a direct appeal."[3]

*Id.* at 213.

### Conclusion

Because we have no authority to review Cooper's arguments on direct appeal related to allegations of trial court error following a guilty plea, the appeal is dismissed.

_____
Karen King Mitchell, Presiding Judge

Cynthia L. Martin and Gary D. Witt, Judges, concur.

---

[3] Cooper argues that the State explicitly agreed that he would be allowed to appeal following his guilty plea, citing the prosecuting attorney's comment at the plea hearing that it was his "understanding that [Cooper] would like to plead guilty, and he has indicated he wants to be able to appeal." Generally, however, parties cannot confer jurisdiction on an appellate court by agreement or waiver. *State ex rel. Laughlin v. Bowersox*, 318 S.W.3d 695, 702 (Mo. banc 2010). If Cooper were correct that the State's acquiescence could confer a right to appeal, he would have to provide authority to support that contention or explain that none exists. Cooper offers no authority for his assumption that the general rule against appealing from a guilty plea is inapplicable if the State consents at the time the plea is made, and does not explain the absence of authority. "Rule 84.04(d) requires that an Appellant provide appropriate citation to authority in support of his contentions." *Lynn v. State*, 417 S.W.3d 789, 800 (Mo. App. E.D. 2013) (quoting *Rios v. State*, 368 S.W.3d 301, 312 (Mo. App. W.D. 2012)). "If no authority exists on the issue, an explanation for the absence of authority is required." *Id.* (quoting *Rios*, 368 S.W.3d at 312). "If no explanation is given, we may consider the point to be abandoned." *Id.* (quoting *Rios*, 368 S.W.3d at 312). But more importantly, Cooper conveniently omits the prosecutor's very next statement: that the State had "no position as to whether [Cooper] will be able to" appeal. The prosecutor then verbally set forth the full terms of the agreement, which did not include granting Cooper the right to appeal. When asked whether that was his "understanding of the agreement," Cooper responded, "Yes, it is." Even if the State could consent to an appeal, an issue we do not reach, there is no evidence that it has done so here.