MARY W. SHEFFIELD, P.J.
Richard S. Mercer ("Movant") brings one point on appeal charging clear error in the motion court's denial, without a hearing, of his amended motion for DNA testing pursuant to § 547.035.[1] Finding no merit in this contention, we affirm.
Governing Law and Standard of Review
Since 2001, Missouri has provided a statutory post-conviction remedy to permit an inmate to obtain DNA testing. "In order for a person in custody of the department of corrections to receive DNA testing, he or she must file a motion alleging circumstances that, if substantiated, would demonstrate the person's innocence." Hudson v. State , 270 S.W.3d 464, 467 (Mo. App. S.D. 2008).
The motion must allege facts under oath demonstrating that:
(1) There is evidence upon which DNA testing can be conducted; and
(2) The evidence was secured in relation to the crime; and
(3) The evidence was not previously tested by the movant because:
(a) The technology for the testing was not reasonably available to the movant at the time of the trial;
(b) Neither the movant nor his or her trial counsel was aware of the existence of the evidence at the time of trial; or
(c) The evidence was otherwise unavailable to both the movant and movant's trial counsel at the time of trial; and
(4) Identity was an issue in the trial; and
(5) A reasonable probability exists that the movant would not have been convicted if exculpatory results had been obtained through the requested DNA testing.
§ 547.035.2. "If the court finds that the motion and the files and records of the case conclusively show that the movant is not entitled to relief, a hearing shall not be held." § 547.035.6.
When the motion court denies a post-conviction request for DNA testing without a hearing, this Court reviews the findings of fact and conclusions of law for clear error. State v. Ruff , 256 S.W.3d 55, 56 (Mo. banc 2008). Findings of fact and conclusions of law are clearly erroneous only where our review of the record leaves a definite and firm impression that a mistake was made. Id. "In reviewing the adequacy of a pleading, the [C]ourt assumes all allegations are true and liberally grants *577 all reasonable inferences therefrom." Id. at 57.
Factual and Procedural Background
Movant appeals to this Court for the fourth time based on his conviction for second-degree statutory rape and incest arising from an evening in February 2007 where Movant had non-consensual sex with his then 16-year-old daughter. The three prior appeals include: (1) a direct appeal in which we affirmed Movant's convictions via an unpublished opinion, State v. Mercer , SD29114 (per curiam ); (2) an unsuccessful appeal of the denial of his Rule 29.15 motion, Mercer v. State , 330 S.W.3d 843 (Mo. App. S.D. 2011) ; and (3) an appeal from the denial of a previous § 547.035 motion in which this Court dismissed his appeal due to the lack of a final judgment. Mercer v. State , SD33779, 2015 WL 9481403 (Mo. App. Dec. 29, 2015). That dismissal was transferred by a dissenting judge via Rule 83.03 to our supreme court, where it held that the denial of a § 547.035 motion was not subject to Rule 74.01(a)'s denomination requirement. Mercer v. State , 512 S.W.3d 748, 752 (Mo. banc 2017). Accordingly, our supreme court held that the docket entry denying Movant's § 547.035 motion was an appealable order, but reversed and remanded the cause "due to the circuit court's failure to issue findings of fact and conclusions of law as required by section 547.035.8." Id. at 754.
Upon remand, Movant amended his § 547.035 motion. Movant's amended motion set forth the elements of § 547.035.2 and listed immediately below each element the facts that he claimed demonstrated each element. Movant alleged that he was innocent of incest because he was not related to Victim by blood.[2] His amended motion filed on April 10, 2017, requested DNA testing of both himself and Victim. Movant explained that Victim was the evidence upon which DNA testing could be performed, and that Victim had been secured in relation to the crime because she "was secured by the State (Detective, Paul Satterfield) by taking [her] into protective custody on 03/08/07[.]" As his reason for why he had not previously tested the evidence, Movant claimed, pursuant to § 547.035.2(3)(c), that the evidence was otherwise unavailable to both Movant and Movant's trial counsel at the time of trial. As factual support demonstrating the lack of availability, Movant alleged that "the State had already released custody of the evidence [Victim] back to her mother[.]"
After ordering the prosecutor to "show cause why Movant is not entitled to the relief he is requesting," the court entered findings of fact and conclusions of law denying relief without a hearing. In pertinent part, the motion court found that Movant and Victim were both available for testing prior to trial and at the time of trial and that Victim testified at trial. The court found that Movant's amended motion and the files and records of the case conclusively established that Victim was in fact available, within the meaning of § 547.035.2(3)(c), at the time of Movant's trial. Accordingly, the motion court held that Movant had not met the statutory requirements for a hearing and overruled Movant's amended motion in its entirety. This appeal followed.
*578 Analysis
Movant's sole point relied on claims:
The motion court clearly erred in denying [Movant]'s Amended Motion Seeking Forensic DNA Testing, under § 547.035 RSMo., claiming that the evidence was available to [Movant], and [Movant] failed to meet the statutory requirment [sic] for a hearing on DNA Testing, because [Movant] met the requirments [sic] of § 547.035 RSMo. by alleging facts under oath that the evidence was otherwise unavailable to both [M]ovant and [M]ovant's trial counsel at the time of trial ... in that if the court would have had a hearing and did DNA Testing, [sic] it would have proven that [Movant] is innocent of Count II Incest. This Court must Reverse the motion court's judgment, and Remand for a hearing and DNA Testing.
"To be entitled to post-conviction DNA testing, a movant must allege facts demonstrating one of the three alternative justifications set out in the statute as to why he or she did not previously test the evidence." State v. Kinder , 122 S.W.3d 624, 630 (Mo. App. E.D. 2003). Movant does not claim that the DNA technology was not available at trial or that he or his attorney were unaware of the existence of the evidence at trial. He chose to proceed on the basis that the evidence was otherwise unavailable to both Movant and Movant's trial counsel at the time of trial.
Movant's thin argument has failed to convince us that the motion court's ruling is clearly erroneous. "When reviewing the motion court's denial of a post-conviction relief motion, this Court presumes the motion court's ruling is correct." McIntosh v. State , 413 S.W.3d 320, 323 (Mo. banc 2013). "[T]he burden is on the appellant to establish that the ruling was erroneous." Garris v. State , 389 S.W.3d 648, 652 (Mo. banc 2012).[3] Movant's argument does not demonstrate how the principles of law and the facts of this case interact. See Kim v. Won Il Kim , 443 S.W.3d 29, 31 (Mo. App. W.D. 2014). "A contention that is not supported with argument beyond conclusions is considered abandoned." Id. (quoting Lattimer v. Clark , 412 S.W.3d 420, 423 (Mo. App. W.D. 2013) ). "We cannot act as an advocate for the appellant by supplying his argument." Boyd v. Boyd , 134 S.W.3d 820, 824 (Mo. App. W.D. 2004). Movant offers no more than bare conclusions, unsupported by case precedent.
Nothing in Movant's amended motion demonstrates that he did not have the opportunity for DNA testing of the Victim and himself at the time of his trial. The amended motion itself, along with the files and records conclusively establish the fact that Victim did not become unavailable by simply being placed back in the custody of her mother.[4] The motion court was not required to hold a hearing. See § 547.035.6.
Conclusion
This Court is not left with the definite and firm impression that the motion court made a mistake in finding that no hearing *579 should be held. See Ruff , 256 S.W.3d at 56. The motion court's ruling is therefore not clearly erroneous. See id. The motion court's denial of Movant's post-conviction motion for DNA testing is affirmed.
GARY W. LYNCH, J.-CONCURS
DON E. BURRELL, J.-CONCURS

Unless otherwise noted, all statutory references are to RSMo (2016). All rule references are to Missouri Court Rules (2017).

At Movant's trial, the State met its burden of proving that Victim was Movant's descendant by blood under § 568.020.1 via testimony from Victim's mother. Victim's mother testified that Victim was Movant's "natural child" and there was no possibility that any other man was Victim's father. No request for DNA testing of Victim was ever raised at trial nor on direct appeal, nor in Movant's pro se or amended Rule 29.15 motion, nor during appellate review of that motion.

McIntosh and Garris were, respectively, Rule 29.15 and Rule 24.035 cases, but "[w]e review a circuit court's rulings on motions for post-conviction DNA testing under the same standards applied in post-conviction proceedings under Supreme Court Rules 24.035 and 29.15." Belcher v. State , 364 S.W.3d 658, 662 (Mo. App. W.D. 2012).

Because Movant has not demonstrated that Victim was "otherwise unavailable" under § 547.035.2(3), we do not reach the statute's other elements. See State v. Belcher , 317 S.W.3d 101, 104 (Mo. App. S.D. 2010).