Nancy Steffen Rahmeyer, J.
James A. Valley ("Movant") appeals from a judgment denying his amended motion for post-conviction relief pursuant to Rule 24.035.[1] Movant waived an evidentiary hearing, and requested judgment on the pleadings. We affirm the motion court's judgment.
The facts are not contested. On August 18, 2016, Movant, pursuant to a plea agreement, pled guilty to the class C felony of stealing "a laptop and other items of a value of at least five hundred dollars." The offense was committed on May 13, 2016. Under the plea agreement, the prosecutor agreed to recommend five years in prison. Later on August 18, 2016, following Movant's waiver of a Sentencing Assessment Report, Movant was sentenced to five years in prison. Movant did not appeal his guilty plea or sentence directly, and, even if he had, would have been limited on direct appeal to claims based on the subject-matter jurisdiction of the plea court and the sufficiency of the charging document. State v. Hopkins , 432 S.W.3d 208, 211 (Mo.App. W.D. 2014). A claim challenging the legality of Movant's sentence could be considered only under Rule 24.035. Id.
Five days later on August 23, 2016, our Supreme Court initially issued its opinion in State v. Bazell , 497 S.W.3d 263 (Mo. banc 2016), before subsequently modifying that opinion on September 20, 2016. In Bazell , the Court interpreted section 570.030.3, as in effect after amendment in 2002 and before January 1, 2017, to not apply to stealing under section 570.030.1 because stealing was not an offense "in which the value of property or services is an element." Id. at 265-67 n.2. During this period, stealing, as charged in Movant's criminal case and interpreted by Bazell , was a class A misdemeanor. Section 570.030.9, RSMo Cum. Supp. 2013.
Movant was delivered to the Missouri Department of Corrections on August 29, 2016, and filed a timely, pro se motion for post-conviction relief on October 19, 2016 (i.e., within 180 days of Movant's delivery to the department of corrections). Rule 24.035(b). Motion counsel sought and was granted a thirty-day extension of time to file an amended motion, and subsequently filed a timely, amended motion on March 13, 2017 (i.e., within ninety days after the filing on December 13, 2016 of the transcript of Movant's guilty plea and sentencing).
*161 In a single point before us, Movant claims the motion court "clearly erred in denying [Movant]'s amended motion" because Movant's offense was a class A misdemeanor under Bazell , and Movant's sentence exceeded the maximum possible punishment of one year for a class A misdemeanor. As Movant acknowledges in his brief, we recently rejected, in Abrams v. State , 550 S.W.3d 557 (Mo.App. S.D. 2018), the claim that Movant now makes. As we stated in Abrams :
Our supreme court has repeatedly held that "the Bazell holding only applies forward, except those cases pending on direct appeal." State ex rel. Windeknecht v. Mesmer , 530 S.W.3d 500, 503 (Mo. banc 2017) ; see also State ex rel. Zahnd v. Van Amburg , 533 S.W.3d 227, 229 n.2 (Mo. banc 2017) ("the holdings in Bazell and [ State v. Smith , 522 S.W.3d 221, 229-31 (Mo. banc 2017) ] apply only prospectively and to cases still pending on direct appeal."); State ex rel. Fite v. Johnson , 530 S.W.3d 508, 510-11 (Mo. banc 2017) (concluding that a Rule 29.07(d) motion's claim that the circuit court must withdraw a movant's guilty plea for felony stealing was "substantively meritless" because Bazell's holding only applies prospectively).
Despite those clear holdings, Movant argues that a Bazell challenge, which asserts that an unlawful sentence has been imposed, may be successfully raised for the first time in a timely Rule 24.035 motion. Our Western District recently rejected the same point and supporting arguments as those raised here (asserted by the same appellate counsel) in Watson v. State , 545 S.W.3d 909, 913-16, (Mo.App. W.D. 2018). We concur in Watson's reasoning, reject Movant's point accordingly, and affirm the order denying Rule 24.035 relief.[ ]
Id. at 558 (footnote omitted). The Eastern District also rejected the claim Movant makes in this appeal in Bosworth v. State , 559 S.W.3d 5, 8-11, 2018 WL 3977035, at *3-4 (Mo.App. E.D. Aug. 21, 2018).
Point denied, and the motion court's judgment is affirmed.
Don E. Burrell, P.J. - Concurs
Gary W. Lynch, J. - Concurs

Unless indicated otherwise, all references to Rule 24.035 are to Rule 24.035 of the Missouri Court Rules as amended effective May 31, 2016. See Rule 24.035(m), Missouri Court Rules (2018) (Movant's sentence was pronounced before January 1, 2018, and Movant's pro se motion was filed on October 19, 2016).