**STATE of Missouri, Respondent,**

v.

**Gregory S. REBER, Appellant.**

**Gregory S. REBER, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 80790.

Supreme Court of Missouri,

En Banc.

Sept. 24, 1998.

Raymund J. Capelovitch, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Meghan J. Stephens, Asst. Atty. Gen., Jefferson City, for Respondent.

PER CURIAM.[1]

A jury found Gregory S. Reber (Defendant) guilty of twelve counts of securities fraud, in violation of section 409.101, RSMo 1994. Each count of the amended information generally alleged that Defendant employed a scheme or artifice to defraud investors regarding fictitious electrical contracting jobs, which Defendant had never obtained, and that Defendant made false statements to investors, thereby inducing them to invest in Defendant's business operation. The trial court entered judgment on the jury verdict and sentenced Defendant to a total of fifteen

---

1. The appeals in this consolidated case were originally decided by the Court of Appeals, Southern District. A dissent was filed by the Honorable Kenneth W. Shrum, Judge. Following transfer to this Court, material contained in Judge Shrum's opinion is extensively used in this Court's opinion without further attribution.

years' imprisonment. He appeals that judgment.

Thereafter, Defendant filed a motion to vacate the judgment and sentence pursuant to Rule 29.15.[2] The motion court denied relief without an evidentiary hearing. Defendant appeals that order.

These appeals were originally filed in the court of appeals, and they were consolidated. The court of appeals, by opinion, affirmed Defendant's conviction. In the same opinion the court dismissed the appeal of the motion court's ruling on the Rule 29.15 motion on the basis that the order did not comply with Rule 74.01(a). The consolidated cases were ordered transferred to this Court. Finding that the order entered by the motion court is not subject to the requirements of Rule 74.01(a), the consolidated cases are ordered retransferred to the Court of Appeals, Southern District.

After he filed his appeal in the court of appeals with respect to the motion court's ruling on his Rule 29.15 motion, Defendant filed a "Motion to Remand" to the motion court for entry of an appropriate judgment. The motion was taken with the case. In his motion, Defendant states that the motion court's findings of fact and conclusions of law fail to constitute a judgment under Rule 74.01. Defendant accurately notes that the motion court's writing is not denominated a "judgment" anywhere in the twelve-page document.

Rule 29.15(k) states that "[a]n *order* sustaining or overruling a motion filed under the provisions of ... Rule 29.15 shall be deemed a final judgment for purposes of appeal by the movant or the state." (Emphasis supplied). "The procedure to be followed for motions filed pursuant to ... Rule 29.15 is governed by the rules of civil procedure insofar as applicable." Rule 29.15(a).

■ The effect of the language "insofar as applicable" as used in post-conviction rules is discussed in *Thomas v. State*, 808 S.W.2d 364, 366 (Mo. banc 1991). To decide whether a rule of civil procedure is applicable in the context of post-conviction review, the court must inquire as to whether the rule "enhances, conflicts with, or is of neutral consequence to the purposes of" Rules 29.15 or 24.035. *Id.* If the rule enhances or is of neutral consequence to the purposes of Rules 29.15 or 24.035, then that rule is applicable. *Id.* If the rule conflicts with the purposes of Rules 29.15 or 24.035, then that rule is not applicable. *Id.*

■ Rule 74.01(a) directly conflicts with Rule 29.15. Any rule of civil procedure that conflicts with Rule 29.15 or Rule 24.035 does not govern. *Id.* One purpose of Rules 29.15 and 24.035 is to prevent or avoid " 'delay in the processing of prisoners' claims and prevent the litigation of stale claims.' " *Thomas,* 808 S.W.2d at 366 (quoting *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989)). Application of the denomination requirement of Rule 74.01(a) in this case runs counter to the purposes of Rule 29.15. This is especially true since Rule 29.15(k) refers to the adjudication of a post-conviction motion as an "order." No doubt the trial court relied on Rule 29.15(k) to denominate its adjudication an "order." It would only cause delay in the processing of the claim by applying the denomination requirement of Rule 74.01(a) to post-conviction appeals.

The consolidated case is ordered retransferred to the Court of Appeals, Southern District.

All concur.

**2.** Rule references to Rule 24.035 and Rule 29.15 are to Missouri Court Rules (1995) because Defendant was sentenced May 15, 1995, and filed his motion for post-conviction relief December 20, 1995. Rule 29.15(m) provides that in such circumstances, post-conviction relief is governed by the version of Rule 29.15 in effect when the motion for post-conviction relief was filed or December 31, 1995, whichever is earlier.