**Patricia WALKER,
Plaintiff/Respondent,**

v.

**Lee SMALLWOOD,
Defendant/Appellant.**

**No. ED 89516.**

Missouri Court of Appeals,
Eastern District,
Division Five.

March 4, 2008.

Timothy E. Hogan, St. Louis, MO, for appellant.

Ely Hadowsky, St. Louis, MO, for respondent.

PATRICIA L. COHEN, Chief Judge.

Lee Smallwood (Appellant) appeals from a judgment entered against him on the claim of Patricia Walker (Respondent) for damages incurred in an automobile accident. Because Appellant's notice of appeal is untimely, the appeal is dismissed.

This Court has an obligation to discern its jurisdiction to consider an appeal. *State v. Lynch,* 192 S.W.3d 502 (Mo.App. E.D.2006). This Court only has jurisdiction if Appellant filed a timely notice of appeal. *Johnson v. Summers,* 596 S.W.2d 78, 79 (Mo.App. S.D.1980). Appellant filed a notice of appeal from the trial court's judgment, which was entered January 3,

2007. Under Rule 81.04(a), the notice of appeal must be filed no later than 10 days after the judgment becomes final. If a party files a timely authorized after-trial motion, the judgment becomes final at the expiration of ninety (90) days after the filing of the motion or, if such motion is passed on at an earlier date, at the later of: (1) thirty (30) days after the entry of judgment; or (2) disposition of the motion. Rule 81.05(a).

Here, the trial court entered its judgment on January 3, 2007. Appellant filed timely post-trial motions for remittitur and judgment notwithstanding the verdict, or in the alternative, motion for new trial. The trial court denied these motions on February 20, 2007. Therefore, the judgment became final on February 20, 2007, and the notice of appeal was due on March 2, 2007. Rule 81.05(a); Rule 81.04(a). Appellant's notice of appeal, which was filed on March 29, 2007, is untimely.

Respondent also filed a motion for prejudgment interest. However, this motion is not appear to be an "authorized after-trial motion" as required under Rule 81.05(a). *Anderson v. Shelter Mutual Insurance Co.,* 127 S.W.3d 698, 701–02 (Mo. App. E.D.2004). The trial court granted this motion on February 8, 2007 by entering an order simply granting the motion. Even if this order could be considered an amended judgment, it would have been final at the latest on Monday, March 12, 2007. Rule 81.05(a); Rule 44.01(a). The notice of appeal from it would have been due on March 22, 2007, and Appellant's notice of appeal was still untimely. Rule 81.04(a).

If this Court lacks jurisdiction to entertain an appeal, then it should be dismissed. *Buff v. Roper,* 155 S.W.3d 811, 812 (Mo. App. E.D.2005). This Court issued an order directing Appellant to show cause why his appeal should not be dismissed. Appellant has filed a response to the order.

In the response, Appellant concedes that his notice of appeal is untimely. However, Appellant states that he never received notice of the denial of the post-trial motions until March 26, 2007 when he inquired at the Clerk's Office. Appellant asserts the Clerk never mailed a copy of the March 26, 2007 order as required by Rule 74.03. Appellant also concedes that the time for filing a motion for late notice of appeal under Rule 81.07 has expired at this time. However, it had not expired at the time Appellant first learned of the denial of the post-trial motions.

Appellant now asks this Court to "correct date of entry of judgment of trial court denying Defendant/Appellant's timely filed post trial motions to conform to the evidence pursuant to Missouri Rule 74.06(a)." Appellant requests that the date of the denial be corrected to March 26, 2007. Rule 74.06(a) allows the trial court, with leave of the appellate court, to correct clerical mistakes in judgments or other parts of the record. The order denying Appellant's post-trial motions was entered on February 20, 2007. This date is not a mistake. Appellant's motion to correct the date of entry is denied. Appellant could have filed a motion under Rule 74.03 within six months in the circuit court to set aside the order of February 20, 2007 for failure of the Clerk to mail notice of the entry of the order. Appellant could also have filed a request for a late notice of appeal within the six months of final judgment under Rule 81.07. However, the six months under both rules has now expired.

The appeal is dismissed for lack of a timely notice of appeal.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., Concur.