Randy **BELCHER**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. SC 89589.

Supreme Court of Missouri,
En Banc.

Dec. 22, 2009.

Phillip R. Gibson, Thomason & Gibson,
LLC, Independence, MO, for appellant.

Chris Koster, Attorney General, Jamie P. Rasmussen, Assistant Attorney General, Jefferson City, MO, for respondent.

PER CURIAM.[1]

Randy Belcher pleaded guilty to rape and was sentenced to life imprisonment.[2] He thereafter sought post-conviction DNA testing under section 547.035.[3] No hearing was held. The motion court found that "the entire file and records of the case conclusively show that [Belcher] is not entitled to relief" and denied relief. No other findings of fact or conclusions of law were filed. Belcher correctly contends that the motion court failed to issue findings of fact and conclusions of law as required by section 547.035.8. The judgment is reversed, and the case is remanded.

## The findings are inadequate

■■■ As with Rules 24.035(j) and 29.15(j), section 547.035.8 requires a court to issue findings of fact and conclusions of law when ruling on a post-conviction DNA motion.[4] The primary rule of statutory

---

1. The case was transferred to this Court after opinion by the court of appeals. This Court has jurisdiction. *Mo. Const. art. V, sec. 10.*

2. Details of the incident are contained in *State v. Belcher,* 805 S.W.2d 245 (Mo.App.1991).

3. All statutory citations are to RSMo Supp. 2008.

4. Section 547.035 reads as follows:

1. A person in the custody of the department of corrections claiming that forensic DNA testing will demonstrate the person's innocence of the crime for which the person is in custody may file a postconviction motion in the sentencing court seeking such testing. The procedure to be followed for such motions is governed by the rules of civil procedure insofar as applicable.

2. The motion must allege facts under oath demonstrating that:

(1) There is evidence upon which DNA testing can be conducted; and

(2) The evidence was secured in relation to the crime; and

(3) The evidence was not previously tested by the movant because:

(a) The technology for the testing was not reasonably available to the movant at the time of the trial;

(b) Neither the movant nor his or her trial counsel was aware of the existence of the evidence at the time of trial; or

(c) The evidence was otherwise unavailable to both the movant and movant's trial counsel at the time of trial; and

(4) Identity was an issue in the trial; and

(5) A reasonable probability exists that the movant would not have been convicted if exculpatory results had been obtained through the requested DNA testing.

3. Movant shall file the motion and two copies thereof with the clerk of the sentencing court. The clerk shall file the motion in the original criminal case and shall immediately deliver a copy of the motion to the prosecutor.

4. The court shall issue to the prosecutor an order to show cause why the motion should not be granted unless:

(1) It appears from the motion that the movant is not entitled to relief; or

(2) The court finds that the files and records of the case conclusively show that the movant is not entitled to relief.

5. Upon the issuance of the order to show cause, the clerk shall notify the court reporter to prepare and file the transcript of the trial or the movant's guilty plea and sentencing hearing if the transcript has not been prepared or filed.

6. If the court finds that the motion and the files and records of the case conclusively show that the movant is not entitled to relief, a hearing shall not be held. If a hearing is ordered, counsel shall be appointed to represent the movant if the movant is indigent. The hearing shall be on the record. Movant need not be present at the hearing. The court may order that testimony of the movant shall be received by deposition. The movant shall have the burden of proving the allegations of the motion by a preponderance of the evidence.

7. The court shall order appropriate testing if the court finds:

(1) A reasonable probability exists that the movant would not have been convicted

construction is to ascertain the intent of the legislature from the language used, to give effect to the intent if possible, and to consider the words in their plain and ordinary meaning. *Holtcamp v. State,* 259 S.W.3d 537, 539 (Mo. banc 2008). Where a statute uses words that have a definite and well-known meaning at common law, it will be presumed that the terms are used in the sense in which they were understood at common law, and the words will be so construed unless it clearly appears that such a construction was not so intended. *Maltz v. Jackoway–Katz Cap Co.,* 336 Mo. 1000, 82 S.W.2d 909, 912 (1934); *State v. Bristow,* 190 S.W.3d 479, 485 (Mo.App. 2006).

As Rules 24.035 and 29.15 require the issuance of findings of fact and conclusions of law with respect to post-conviction motions, cases construing that requirement are instructive as to the intent of section 547.035's similar requirement for post-conviction DNA testing.

■ As this Court noted, "A mere recital or statement that the motion, files and records conclusively show that movant is entitled to no relief will not constitute compliance with [the post-conviction motion rule]. Nor will findings and conclusions be supplied by implication from the trial court's ruling." *Barry v. State,* 850 S.W.2d 348, 350 (Mo. banc 1993).[5] The

findings of fact and conclusions of law must be sufficiently specific to allow meaningful appellate review. *Id.* Where the motion court determines a ground for relief is refuted by the files and records, the court should identify the portion of the file or record that does so. *Moore v. State,* 927 S.W.2d 939, 942 (Mo.App.1996).

■ Applying these standards to this case, the motion court failed to file sufficient findings of fact and conclusions of law to satisfy section 547.035.8. The court merely stated a conclusion and failed to identify any facts or parts of the file or record that supported that conclusion. Because findings and conclusions are required, the judgment is reversed, and the case is remanded.

### The failure to verify the motion can be corrected

The parties debate whether Belcher's failure to verify his motion precludes relief.[6] Because this issue may arise on remand, the Court offers the following observations.

■ Rules 67.01 and 67.03 govern the effects of dismissals both with and without prejudice. Rule 67.06 governs the ability to file an amended motion upon dismissal. Rule 67.03 provides that "[a]ny involuntary dismissal shall be without prejudice unless

---

if exculpatory results had been obtained through the requested DNA testing; and
  (2) That movant is entitled to relief.
  Such testing shall be conducted by a facility mutually agreed upon by the movant and by the state and approved by the court. If the parties are unable to agree, the court shall designate the testing facility. The court shall impose reasonable conditions on the testing to protect the state's interests in the integrity of the evidence and the testing process.
  8. The court shall issue findings of fact and conclusions of law whether or not a hearing is held.

**5.** There are certain exceptions to this general rule not pertinent to this case. *See Griffith v. State,* 233 S.W.3d 774, 777 (Mo.App.2007).

**6.** The state accepted the Court's invitation to submit post-argument suggestions on this issue. The comment to Rule 4–3.8 provides that the prosecutor has the responsibility of a minister of justice and not simply that of an advocate. The Court is most appreciative that the state's after-argument submission meets that standard and incorporates portions of that submission in this opinion without further attribution.

the court in its order for dismissal shall otherwise specify." Rule 67.01 states that "[a] dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred." Rule 67.06 provides, in relevant part, that "[o]n sustaining a motion to dismiss a claim, counterclaim or cross-claim the court shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed. "Actions for post-conviction DNA testing are "governed by the rules of civil procedure insofar as applicable." *Section 547.035.1.* "To determine whether a rule applies in the context of post-conviction review, the essential inquiry is whether the rule enhances, conflicts with, or is of neutral consequence to the purposes of" the post-conviction rule in question. *State ex rel. Nixon v. Daugherty,* 186 S.W.3d 253, 254 (Mo. banc 2006).

In the context of motions under Rules 24.035 and 29.15, Rules 67.01 and 67.03 do not apply. *State v. McMillin,* 783 S.W.2d 82, 89–90 (Mo. banc 1990) (abrogated on other grounds by *Morgan v. Illinois,* 504 U.S. 719, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992)); *Williams v. State,* 171 S.W.3d 158, 159 (Mo.App.2005). But this does not end the inquiry as to motions under section 547.035.

While Rules 24.035 and 29.15 have unyielding time restrictions and prohibit successive motions, section 547.035 has neither. For example, that section specifically contemplates technological developments that will permit later testing; where new testing techniques become available that shed doubt on previous findings, subsequent motions are permitted. *Section 547.035.2(3)(a).*

This distinction demonstrates the similar, yet separate, roles contemplated by the various types of post-conviction actions. Rules 24.035 and 29.15 are concerned about the fairness of the process that was used to obtain the conviction, while the DNA statute focuses on the "real concern that DNA technology could produce exonerating results." *Hudson v. State,* 190 S.W.3d 434, 440 (Mo.App.2006). While some analogy to the post-conviction rules is appropriate, the post-conviction rules' procedures should not be adopted wholesale into actions under section 547.035. The objective of each remedy must be carefully examined and governed by the rules of civil procedure "insofar as applicable" to that remedy.

If on remand the petition in this case should be dismissed for failure to comply with the verification requirement of the statute, a corrected or amended petition as permitted by Rules 67.01, 67.03, or 67.06 can be filed.[7]

### Conclusion

The judgment is reversed, and the case is remanded.

All concur.

---

7.  Belcher contends that he already has filed a corrected petition, but the record does not reflect this fact.