

# In the Missouri Court of Appeals
## Eastern District

DIVISION ONE

| | | |
|---|---|---|
| ARDELL FIELDS, | ) | No. ED100321 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court |
| vs. | ) | of the City of St. Louis |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Steven R. Ohmer |
| | ) | |
| Respondent. | ) | FILED:  March 25, 2014 |

OPINION

Ardell Fields (Movant) appeals from the judgment of the circuit court denying, without an evidentiary hearing, his post-conviction motion for DNA testing.  We reverse and remand for an evidentiary hearing.

In 1996, a jury convicted Movant of forcible rape, resisting arrest, and third-degree assault. The evidence supporting Movant's conviction primarily consisted of witness identifications and police testimony.  Forensic evidence, including a rape kit and clothing, was collected at the scene but never tested for DNA.  This court affirmed Movant's convictions on direct appeal as well as his motion for post-conviction relief under Rule 29.15. State v. Fields, 948 S.W.2d 201 (Mo. App. E.D. 1997); Fields v. State, 991 S.W.2d 213 (Mo. App. E.D. 1999).

In 2012, Movant filed the present motion for DNA testing.  As relevant here, Movant asserted that the forensic evidence in his case was not tested for his trial because DNA testing

was still in its infancy in 1996 and the technology was not reasonably available to him at that time. The motion court denied relief without an evidentiary hearing. Movant appeals.

## Standard of Review

This court reviews the denial of a post-conviction motion to determine whether the motion court's findings of fact and conclusions of law were clearly erroneous. Weeks v. State, 140 S.W.3d 39, 44 (Mo. 2004). The motion court's findings and conclusions are clearly erroneous if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made. Id. A movant is entitled to a hearing unless the court finds that the motion and the files and records of the case conclusively show that he is not entitled to relief. §547.035.6. This Court reviews the motion court's determination that no hearing was required for clear error. Weeks at 44.

## Discussion

Section 547.035 provides for DNA testing for any person "in the custody of the department of corrections claiming that forensic DNA testing will demonstrate the person's innocence of the crime for which the person is in custody." Id. To succeed on the motion, the movant must allege facts demonstrating that:

(1) There is evidence upon which DNA testing can be conducted;

(2) The evidence was secured in relation to the crime;

(3) The evidence was not previously tested by the movant because:

    (a) The technology for the testing was not reasonably available to the movant at the time of trial;

    (b) Neither the movant nor his or her trial counsel was aware of the existence of the evidence at the time of trial; or

    (c) The evidence was otherwise unavailable to both the movant and movant's trial counsel at the time of trial; and

(4) Identity was an issue in the trial; and

(5) A reasonable probability exists that the movant would not have been convicted if exculpatory results had been obtained through the requested DNA testing.

§547.035.2. The question before this court invokes sub-section 2(3)(a): whether technology for the testing was reasonably available to the movant at the time of trial. To answer that question, the Supreme Court of Missouri instructs that the inquiry is a subjective one: the court is to consider what was reasonably available to the defendant in his circumstances at the time of trial. Weeks v. State, 140 S.W.3d 39, 48 (Mo. 2004). In Weeks, the defendant pleaded guilty to forcible rape in 1992 but always maintained his innocence. In 2001, he requested DNA testing under §547.035. The State argued that Weeks couldn't support his claim because DNA testing was feasible, available in the United States, and admissible in Missouri at the time of his trial. The Court rejected the State's interpretation of the statute and held that the standard is specific to the circumstances of the individual defendant. Examining Weeks's circumstances, the Court considered the following evidence: an affidavit by the director of local laboratory stating that the lab didn't conduct DNA testing until 1992, didn't have funds to do so until 1994, and didn't issue its first report until 1995; an affidavit by Weeks's plea counsel stating that he didn't know of any local labs that performed DNA testing in 1992 and didn't believe that any of his other clients had received testing around that time; and the fact that Weeks had only a grade-school education and no personal knowledge about DNA testing. Id. at 48. Given these circumstances, the Court determined that DNA testing wasn't reasonably available to Weeks at the time of his trial.

Here, in his motion, Movant acknowledged that DNA testing became recognized and admissible in Missouri in 1991. (State v. Davis, 814 S.W.2d 593 (Mo. 1991). However, he claimed that DNA testing was still in its infancy in 1996 and the technology was not readily available to him at the time of his trial. In support of this claim, Movant cited a study

3

commissioned by the U.S. Department of Justice noting that, in California in 1996, DNA testing was still used only selectively due to its unavailability, high cost, and time constraints.[1]  Though Movant cited no Missouri-specific data for that time, he requested an evidentiary hearing to prove similar circumstances here through testimony by a forensic DNA expert as well as his legal counsel from the 1996 trial.  The motion court denied Movant's motion without a hearing, reasoning that DNA testing had been used in other cases by 1996 and thus was available, and Movant was not entitled to testing merely because technology had improved.  For its analysis, the motion court relied on State v. Kinder, 122 S.W.3d 624 (Mo. App. E.D. 2003).  There, DNA testing *was* performed and adduced at trial in 1992, and the movant was asking for additional testing in 2003 using newer technologies. The motion court denied relief and this court affirmed, essentially holding that there is no second bite of the apple.  While Kinder is still good law for that principle, its factual contrast with the present case is significant.  Here, Movant requests only his first bite.[2]

What remains of the motion court's order is a summary of the facts supporting Movant's conviction. The court did not examine, however, whether those facts justify denial of Movant's

---

[1] Rockne Harmon, Introductory Commentary to Edward Connors el al., Convicted by Juries, Exonerated by Science: Case Studies in the Use of DNA Evidence to Establish Innocence After Trial, National Institute of Justice 1996.  By way of further example, the national DNA Index System was established by Congress in 1994 and launched in 1998 with nine states participating.  In 2000, the NDIS aided in 1,573 investigations. Also in 2000, Congress passed the DNA Backlog Elimination Act to increase the capacity of state and local government laboratories. By 2012, NDIS had aided in 174,680 investigations by June of that year. Nathan James, DNA Testing in Criminal Justice: Background, Current Law, Grants, and Issues, Congressional Research Service Report for Congress, R41800 (2012).

[2] The motion court's reliance on Kinder could be attributable to the framing of Movant's motion, much of which emphasized advances in technology rather than expansions in availability.  Nonetheless, Movant's pleading sufficiently states the basic allegation: that DNA testing was still novel and rare in 1996 and thus was unavailable to him as a practical matter.  Any shortcomings in Movant's pleadings can be forgiven "in light of the purpose of 547.035: to provide inmates an opportunity to have potentially exculpatory DNA tests performed on evidence." State v. Ruff, 256 S.W.3d 55 (Mo. 2008).

motion under paragraph 5 of the statute (*i.e.*, reasonable probability that movant wouldn't have been convicted if DNA test was exculpatory (§547.035.2(5))). That issue is not before this court.

On the question of reasonable availability of DNA testing in a particular movant's case, even individuals who pleaded guilty are entitled to DNA testing if they meet the statutory criteria. Weeks, 140 S.W.3d at 49. To determine whether DNA testing was reasonably available to a movant, Weeks requires that the motion court consider the particular circumstances in his case at the time of trial.[3] Id. at 48. A movant is entitled to a hearing unless the court finds that the motion and the files and records of the case conclusively show that he is not entitled to relief. §547.035.6. Viewed through the lens of the foregoing mandates, the present record does not conclusively bar Movant's motion, so, under §547.035.6, he is entitled to a hearing.[4]

### Conclusion

The judgment of the motion court is reversed, and the case is remanded for an evidentiary hearing on the motion.

_Clifford H Ahrens_
CLIFFORD H AHRENS, Judge

Roy L. Richter, P.J., concur.
Glenn A. Norton, J., concur.

---

[3] Notably, the dissenting judges essentially agreed with the majority as to this standard, save for its characterization as "subjective." Writing for the dissent, Judge Price opined, "the statute instructs the hearing court to review the objective facts surrounding each individual case to determine whether the technology, if it then existed, was reasonably available to that particular individual." Weeks, 140 S.W.3d at 50. The dissent departed from the majority only in result. The majority ordered DNA testing *sua sponte*, where the dissent would have remanded the case for an evidentiary hearing.

[4] We do not opine one way or another as to the reasonable availability of DNA testing in Missouri in the mid-1990s. The authority to define the bounds of §547.035 rests with the General Assembly and not this court. Rather, we hold only that Weeks demands further findings on the matter than this record contains. The parties will have an opportunity to develop the facts on this and other statutory factors on remand.