

# In the
# Missouri Court of Appeals
# Western District

EDDIE GREER,

          Appellant,

v.

STATE OF MISSOURI,

          Respondent.

WD78317

OPINION FILED:

APRIL 26, 2016

---

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Kevin Duane Harrell, Judge**

**Before Division Four: Alok Ahuja, P.J., Gary D. Witt, Anthony Rex Gabbert, JJ.**

Eddie Greer appeals the circuit court's denial of his Motion for Reconsideration of Post-Conviction Motion for Forensic DNA Testing, and Motion for Court Ordered Evidentiary Hearing. In Greer's sole point on appeal he contends that the court clearly erred by denying his motion for reconsideration without ordering the State to show cause why the motion should not be granted, by failing to grant an evidentiary hearing, and by issuing its final judgment without adequate findings of fact and conclusions of law. He argues that Missouri law mandates that a show cause order be issued, a hearing be granted, and findings and conclusions be provided for meaningful appellate review. We remand with instructions to dismiss Greer's Motion for Reconsideration and Motion for Court Ordered Evidentiary Hearing.

Greer was convicted in 1979 of rape, sodomy, kidnapping, and armed criminal action, for which he received sentences totaling 620 years. We affirmed Greer's convictions and sentences on direct appeal for the rape, sodomy, and kidnapping charges, but reversed his convictions for the armed criminal action charges. *State v. Greer*, 609 S.W.2d 423 (Mo. App. 1980). In *Greer v. State*, 788 S.W.2d 546 (Mo. App. 1990), we affirmed the denial of Greer's Rule 29.15 post-conviction motion.

On October 9, 2013, Greer filed a motion for DNA testing pursuant to Section 547.035.[1] That motion was denied on October 23, 2014. Prior to that denial, Greer filed a premature motion for reconsideration of his post-conviction motion for forensic DNA testing on June 18, 2014, and on September 24, 2014, filed a motion for court ordered evidentiary hearing. On October 17, 2014, the circuit court denied those motions "on the grounds that there is no more DNA evidence left at the Regional Criminalistic Laboratory." Greer appeals.[2]

"We review a circuit court's rulings on motions for post-conviction DNA testing under the same standards applied in post-conviction proceedings under Supreme Court Rules 24.035 and 29.15." *Belcher v. State*, 364 S.W.3d 658, 662 (Mo. App. 2012). Therefore,

> 'Denial of a post-conviction motion for DNA testing is reviewed to determine whether the motion court's findings of fact and conclusions of law were clearly erroneous. The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made. Where, as here, the motion is overruled without a hearing, this Court reviews the lower court's determination for clear error.'

---

[1] All statutory references are to RSMo 2000 as updated through 2015 unless otherwise noted.

[2] The State argues that Greer's appeal is untimely, having been filed "over one year from the denial of his Motion for Forensic DNA testing." We disagree. It appears from the record that on June 18, 2014, Greer filed a motion for reconsideration of his motion for forensic DNA testing prior to the court actually issuing an order regarding that motion. The court issued an order denying Greer's premature motion on October 17, 2014, and an order denying the original motion for DNA testing on October 23, 2014. Greer's notice of appeal was filed on November 17, 2014, within the applicable appeal window set forth in Rule 81.05.

*Id.* (quoting *State v. Ruff*, 256 S.W.3d 55, 56 (Mo. banc 2008).

We find Greer's motions and, consequently, claim on appeal barred by collateral estoppel. A claim is barred by collateral estoppel if: 1) the issue decided in prior litigation was identical to the issue presented in the present action; 2) the prior litigation resulted in a judgment on the merits; 3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior litigation; and 4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action. *Ellis v. Hehner*, 448 S.W.3d 320, 330 (Mo. App. 2014).[3]

Here, Greer contends that the motion court clearly erred in entering its judgment denying his motions "on the grounds that there is no more DNA evidence left at the Regional Criminalistic Laboratory on 6633 Troost, in Kansas City, Missouri connected with the above-captioned matter to be tested." Greer argues:

> Appellant also has evidence which he could present at an evidentiary hearing that it was later disclosed that there were actually two slides that could be tested. This evidence come [sic] during an earlier action by Appellant wherein the Jackson County prosecuting attorney's office indicated in 2003 that samples were located and could be tested. It is upon those two slides that Appellant is attempting to have this statute applied.

Yet, the record reveals that these slides were already subjected to DNA analysis pursuant to a previous Section 547.035 motion filed by Greer.

---

[3]We note that, on the facts of this case, "direct estoppel" might be a more appropriate label. Direct estoppel has been defined as preventing the relitigation of "issues actually litigated and determined in the first action when a second action is brought on the same claim." *Bachman v. Bachman*, 997 S.W.2d 23, 25 (Mo. App. 1999). Direct estoppel has been distinguished from collateral estoppel on the basis that "direct estoppel applies where the subsequent claim is the same and collateral estoppel applies where the subsequent claim is not the same." *Id.* at 25 n1. However, a review of recent case law suggests that collateral estoppel is now generally accepted to encompass prior proceedings involving the same and/or a different claim. *See State v. Martin*, 388 S.W.3d 528, 537 (Mo. App. 2012).

On April 15, 2002, Greer filed a post-conviction motion for forensic DNA testing pursuant to Rule 29.17.[4] On October 23, 2002, Greer filed a supplemental motion under Rule 29.17 and Section 547.035. In response to that motion, on January 31, 2003, the motion court ordered the State to show cause why forensic DNA testing not available at trial should not be ordered. On March 4, 2003, the motion court ordered the Kansas City Police Department Crime Lab to conduct post-conviction forensic DNA testing on evidence from Greer's case. The court directed the State to notify the court as to the date by which post-conviction DNA testing would be completed. On April 15, 2003, the State informed the court that testing had commenced on March 7, 2003, and that the results of the DNA testing would be available by December 1, 2003.

On December 2, 2003, the State filed with the court the results of the post-conviction forensic DNA testing. The tested items included evidence taken from two slides -- a cervical slide recovered during the sexual assault examination of victim B.W. and a cervical slide recovered during the sexual assault examination of victim R.F. The Kansas City Police Crime Lab determined that the limited quantity of DNA recovered precluded the development of a DNA genetic profile from B.W.'s cervical slide. A partial DNA profile from R.F.'s slide matched that of the forensic examiner who conducted the test. The entire amount of DNA was used in the testing, but no genetic profile was able to be developed.

On March 8, 2004, the motion court issued its Findings of Fact, Conclusions of Law Order and Judgment regarding Greer's Section 547.035 claim, ultimately concluding that the DNA test results were not exculpatory. The court found that the failure of the DNA testing lab to

---

[4]Rule 29.17 was adopted by the Supreme Court to permit those who met the predicates set by the rule to apply for DNA testing. *Weeks v. State*, 140 S.W.3d 39, 43 n4 (Mo banc 2004). The rule was to go into effect on September 1, 2001. *Id.* On August 21, 2001, the Court withdrew the rule after the legislature adopted Section 547.035 which is identical in all relevant respects to Rule 29.17. *Id.*

develop a genetic profile from the evidence did not constitute exculpatory evidence and denied

Greer's request for relief.

Although Greer acknowledges on appeal that he has engaged in past "litigation relating to

the forensic testing of evidence from the original criminal investigation," he only identifies in his

appeal brief the motions he filed in 2013 and 2014 that are the subject of his present appeal.[5] He

makes no reference to DNA testing having already been conducted on two cervical slides in

response to a 2002 motion and, accordingly, he makes no claims that the slides he now

references are not the same slides that were tested in response to that motion. We presume that

they are.

We find that Greer's claims were previously adjudicated on the merits and his attempts to

relitigate those claims should have been dismissed by the motion court. We deny Greer's points

on appeal and reverse and remand to the motion court with instructions to dismiss Greer's

---

[5]Section 547.035 provides that an inmate claiming that forensic DNA testing will demonstrate the innocence of the crime for which the person is in custody may file a post-conviction motion seeking such testing. It stipulates that the procedure to be followed for such motions is governed by the rules of civil procedure. However, unlike Rules 24.035 and 29.15, as codified by Section 547.360, Section 547.035 does not expressly prohibit successive motions. Further, our Supreme Court has stated that "[w]hile some analogy to the post-conviction rules is appropriate, the post-conviction rules' procedures should not be adopted wholesale into actions under Section 547.035" recognizing that, under Section 547.035.2(3)(a), subsequent motions may be permitted where testing becomes available that sheds doubt on previous findings. *Belcher v. State*, 299 S.W.3d 294, 297 (Mo. banc 2009). Greer has made no claim that the DNA testing methods currently available could or would cast doubt on the results of the testing conducted in 2003, even if DNA survives from the two cervical slides.

Given Greer's 2002 Section 547.035 motion, the record suggests that Greer's 2013/2014 Section 547.035 motions are successive. (The State references in its brief additional Section 547.035 motions filed by Greer in 2004, 2006, and 2012 that were not made a part of the appellate record by either party and, therefore, cannot be considered herein.) As it is unquestionable that Greer's present claims are barred by collateral estoppel, we need not decide whether, under the facts of this case, the motions from which Greer appeals might have also been barred as successive. Likewise, we need not delve into whether the statutory language of Section 547.035, requiring an oath that the evidence was not previously tested for reasons specified in the statute, might have otherwise barred Greer's claim.

Motion for Reconsideration of Post-Conviction Motion for Forensic DNA Testing and Motion

for Court Ordered Evidentiary Hearing.



_____
Anthony Rex Gabbert, Judge


All concur.