Richard S. MERCER, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 95451

Supreme Court of Missouri,
en banc.

Opinion issued March 14, 2017

Opinion Modified on Court's Own
Motion April 4, 2017

Mercer was represented by Jennifer K. Bukowsky of the Bukowsky Law Firm LLC in Columbia, (573) 443-2288.

The state was represented by Karen L. Kramer of the attorney general's office in Jefferson City, (573) 751-3321.

George W. Draper III, Judge

Richard S. Mercer (hereinafter, "Mercer") currently is incarcerated for his convictions of rape and incest. Mercer filed a *pro se* motion for post-conviction DNA testing, pursuant to section 547.035, RSMo Supp. 2001, claiming DNA testing would prove his actual innocence.[1] The circuit court issued a show cause order to the state, but without the benefit of the state's response, the circuit court overruled Mercer's motion in a docket entry. Mercer appealed, claiming the circuit court failed to comply with the requirements of section 547.035.

On appeal, the Missouri Court of Appeals, Southern District, *sua sponte*, declared that it did not have jurisdiction to

---

1. All further statutory references herein are to RSMo Supp. 2001.

consider the appeal because the circuit court's docket entry was not denominated a judgment. After opinion, this Court granted transfer.[2] Mo. Const. art. V, sec. 10; Rule 83.03. This Court reverses the circuit court's ruling and remands the case.

## Procedural and Factual Background

Following a jury trial in 2008, Mercer was found guilty of second-degree statutory rape and the class D felony of incest. Mercer was sentenced as a prior and persistent offender to fifteen years' imprisonment for rape and seven years' imprisonment for incest, to run consecutively. Mercer's convictions and sentences were affirmed in a per curiam order and unpublished memorandum of law. *See State v. Mercer*, SD29114 (May 4, 2009). Mercer sought post-conviction relief, which was denied. *Mercer v. State*, 330 S.W.3d 843 (Mo. App. S.D. 2011).

On October 8, 2013, Mercer filed a *pro se* motion for post-conviction DNA testing pursuant to section 547.035. On October 21, 2013, the circuit court ordered the state to show cause why Mercer was not entitled to a hearing on his motion. Two days later, the circuit court also scheduled a hearing on Mercer's motion for December 20, 2013. The case record does not indicate that the state ever filed its response. On April 21, 2014, the case record indicates a case review was held. The docket entry in the case record stated: "Cause called. [Mercer's] Post Conviction Motions Seeking Forensic DNA Testing overruled and denied."

Mercer was not notified of any proceedings in his case and, on August 11, 2014, Mercer, acting *pro se*, sent a letter to the circuit court requesting information. His letter stated that he had not received a response from the state for the show cause

order and, therefore, he had been unable to respond. Mercer told the circuit court that a family member viewed the docket sheets on Case.Net and informed him that his motion for postconviction DNA was overruled. Mercer's letter further informed the circuit court that there had been no findings of fact and conclusions of law issued and this contravened section 547.035.8 and *Belcher v. State*, 299 S.W.3d 294 (Mo. banc 2009). Mercer requested an explanation from the circuit court. The circuit court failed to provide Mercer with any additional information as he requested.

After receiving no additional information from the circuit court, on October 14, 2014, Mercer sent another *pro se* letter to the circuit court. In this letter, Mercer invoked the Missouri Sunshine Law to request a copy of the case record in his case. Three days later, the circuit court mailed copies of the case record to Mercer.

On March 5, 2015, the Southern District entered an order sustaining Mercer's *pro se* motion allowing the late filing of a notice of appeal. The Southern District stated that, "having fully considered the motion, it appears to the [c]ourt that the delay in filing a notice of appeal was not due to [Mercer's] culpable negligence and that there is good cause for [Movant's] request." After opinion by the court of appeals, this Court granted transfer.

## Discussion

### *Appellate Jurisdiction*

As an initial matter, both Mercer and the state address the finality of the circuit court's ruling and the authority of this

---

**2.** The Court expresses its appreciation to attorney Jennifer K. Bukowsky, who represent-
ed Mercer pro bono by appointment of this Court.

Court to resolve this case on appeal.[3] The Missouri Constitution grants circuit courts "original jurisdiction over all cases and matters, civil and criminal." Mo. Const. art. V, sec. 14. Our Constitution also vests general appellate jurisdiction in the court of appeals. Mo. Const. art. V, sec. 3. Finally, this Court retains "exclusive appellate jurisdiction" over certain cases, Mo. Const. art. V, sec. 3, and authority to "finally determine all causes coming to it from the court of appeals, whether by certification, transfer or certiorari, the same as the original appeal," Mo. Const. art. V, sec. 10.

■ Here, the circuit court had subject matter jurisdiction over Mercer's postconviction relief motion because it was filed in a circuit court. Mo. Const. art. V, sec. 14. Once the circuit court provided Mercer his docket sheets and Mercer determined that the circuit court overruled his motion for post-conviction DNA testing, Mercer filed a motion seeking a late notice of appeal with the Southern District.

Rule 30.03 provides:

Where the defendant or the state has the right of appeal including appeals *from an order in a post-conviction proceeding* involving a prior felony conviction, but notice of appeal is not filed with the clerk of the trial court within ten days after the judgment becomes final, the defendant or the state may file a notice of appeal in the trial court if, within twelve months after the judgment

becomes final, a motion for leave to file such notice is filed in the appropriate appellate court and it thereafter sustains the motion and grants such leave.

Such special order may be made by the appellate court, in its discretion, for good cause shown. The order shall specify the time within which the notice of appeal is to be filed in the trial court.

(Emphasis added.)

■ On February 26, 2015, Mercer filed a *pro se* motion requesting to file a late notice of appeal, explaining the circumstances surrounding his failure to file a timely appeal. The Southern District issued a special order allowing Mercer to file a late notice of appeal no later than March 25, 2015. Mercer filed his late notice of appeal on March 19, 2015. The Southern District had the authority to resolve Mercer's appeal. *See Vogl v. State*, 437 S.W.3d 218, 238 (Mo. banc 2014) (stating that "in postconviction proceedings, Rule 30.03 allows the movant to seek leave to file a notice of appeal out of time within 12 months of the judgment becoming final"), and *Fuller v. State*, 485 S.W.3d 768, 771 (Mo. App. W.D. 2016) (clarifying that "Rule 30.03's twelve month window to seek a special order permitting the late filing of a notice of appeal applies to Rule 29.15 postconviction motions instead of the six month window applicable to civil proceedings as provided in Rule 81.07(a)").[4]

---

3. Judge Fischer's dissent asserts there is no right to appeal from a section 547.035 ruling. However, this Court has resolved appeals concerning section 547.035 rulings in three prior cases. *See Belcher v. State*, 299 S.W.3d 294 (Mo. banc 2009); *State v. Ruff*, 256 S.W.3d 55 (Mo. banc 2008); and *Weeks v. State*, 140 S.W.3d 39 (Mo. banc 2004). In *State ex rel. Amrine v. Roper*, 102 S.W.3d 541, 549 n.1 (Mo. banc 2003), this Court noted there was a right to review from section 547.035 rulings. Additionally, the court of ap-

peals has resolved more than twenty-seven appeals concerning section 547.035.

4. Judge Fischer's dissent argues that this Court is precluded from resolving Mercer's appeal because he failed to file a Rule 74.03 motion. Judge Fischer's dissent overlooks the fact that Mercer filed a motion requesting leave to file a late notice of appeal pursuant to Rule 30.03. When a party not in default is not notified of a judgment entered, the party has two choices, either: "(1) to file a proper motion to set aside under Rule 74.03; or (2) to

This Court now has jurisdiction to resolve the issues before it. "This Court has subject matter jurisdiction to determine whether the motion court correctly or incorrectly exercised its authority." *Dorris v. State*, 360 S.W.3d 260, 265 (Mo. banc 2012).

### Finality of the Circuit Court's Decision

In its decision to overrule Mercer's motion for post-conviction DNA testing, the circuit court merely made a docket entry in the case record. The docket entry stated: "Cause called. [Mercer's] Post Conviction Motions Seeking Forensic DNA Testing overruled and denied." The docket entry did not denominate the ruling as a judgment.

A motion for post-conviction DNA testing, pursuant to section 547.035, "is governed by the rules of civil procedure insofar as applicable." Section 547.035.1; *Weeks v. State*, 140 S.W.3d 39, 43-44 (Mo. banc 2004). The applicable standards of review for post-conviction motions are set forth in Rules 29.15 and 24.035. "This Court therefore will apply the standard of review set out therein to its review of a denial of a postconviction motion for DNA testing under section 547.035." *Weeks*, 140 S.W.3d at 44.

This Court discussed the effect of the phrase "insofar as applicable" as used in post-conviction rules in *Thomas v. State*, 808 S.W.2d 364, 366 (Mo. banc 1991). "To decide whether a rule of civil procedure is applicable in the context of post-conviction review, the court must inquire as to whether the rule 'enhances, conflicts with, or is of neutral consequence to the purposes of' Rules 29.15 or 24.035." *State v. Reber*, 976 S.W.2d 450, 451 (Mo. banc 1998) (quoting *Thomas*, 808 S.W.2d at 366). If a rule of civil procedure enhances or is of neutral consequence to the purpose of the postconviction rules, the civil procedure rule applies. *Id.* If a rule of civil procedure conflicts with the purpose of the post-conviction rules, the civil procedure rule does not apply. *Id.*

"Rule 74.01(a) directly conflicts with Rule 29.15." *Reber*, 976 S.W.2d at 451. Missouri's post-conviction relief rules are designed to process prisoners' claims promptly, prevent the litigation of stale claims, and to ensure the legality of a sentence. *Id., Thomas*, 808 S.W.2d at 366, and *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). "Application of the denomination requirement of Rule 74.01(a) in this case runs counter to the purposes of Rule 29.15" because it would only delay the processing of claims. *Reber*, 976 S.W.2d at 451. Further, the plain and ordinary language of Rule 29.15(k) provides that overruling a motion "shall be deemed a final judgment for purposes of appeal...." *See also Wise v. State*, 219 S.W.3d 270, 272 (Mo. App. S.D. 2007) (finding Rule 74.01(a) is not applicable in the disposition of Rule 24.035 post-conviction motions) and *Johnson v. State*, 470 S.W.3d 1, 4 (Mo. App. W.D. 2015) (finding appeals may be taken from an order overruling post-conviction relief motions even when not denominated a judgment).[5]

file a motion to file a late notice of appeal under Rule 81.07." *Martin, Malec & Leopold, P.C. v. Denen*, 285 S.W.3d 383, 389 n.3 (Mo. App. E.D. 2009); *see also Walker v. Smallwood*, 247 S.W.3d 24, 25 (Mo. App. E.D. 2008). Because Mercer filed a motion requesting leave to file a late notice of appeal pursuant to Rule 30.03, the post-conviction analogue to Rule 81.07, Mercer is not precluded from bringing this appeal. Further, had Mercer timely filed a Rule 74.03 motion, the trial court would be allowed to enter a new judgment and afford Mercer another opportunity to request findings and conclusions.

5. Judge Wilson's dissent suggests that the principal opinion ignores Rule 74.01(a); this

In this case, Mercer's motion presented a single issue. *Cf. Green v. State*, 494 S.W.3d 525 (Mo. banc 2016) (finding that appellate review is premature when the circuit court fails to make a ruling on every claim presented). The circuit court "overruled and denied" Mercer's motion in a docket entry. Any delay in dismissing the case merely so the circuit court could denominate its order as a judgment would thwart the purposes of Missouri's post-conviction rules in that it would not lead to a prompt resolution of Mercer's claim or ensure the legality of his conviction and sentence. Further, Rule 33.03 contemplates that a defendant may appeal "from *an order* in a post-conviction proceeding. . . ." Given the factual scenario in this case, the circuit court's overruling of Mercer's motion is deemed a final, appealable judgment. Rule 29.15(k).

Further, "allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." Rule 78.07(c). "The purpose of Rule 78.07(c) is to ensure that complaints about the form and language of judgments are brought to the attention of the trial court where they can be easily corrected, alleviating needless appeals, reversals, and rehearings." *Dunlap v. State*, 452 S.W.3d 257, 263 (Mo. App. W.D. 2015) (quoting *Gerlt v. State*, 339 S.W.3d 578, 584 (Mo. App. W.D. 2011)). An allegation regarding the form or the language of a judgment must be raised to preserve appellate review. *Johnson v. State*, 388 S.W.3d 159, 168 (Mo. banc 2012). If a post-conviction movant does not challenge the lack of findings, the appropriate course of action is to dismiss that allegation. *Atchison v. State*, 420 S.W.3d 559, 562 (Mo. App. S.D. 2013).

In this case, Mercer clearly raised this issue to the circuit court. Mercer sent a *pro se* letter to the circuit court, stating that he had been told his motion was overruled and that the circuit court had failed to issue findings of fact and conclusions of

---

is incorrect. Rule 74.01(a) provides that a "judgment" as used in our rules "includes a decree and any order from which an appeal lies." Rule 29.15(k) specifically provides: "An order sustaining or overruling a motion filed under the provisions of this Rule 29.15 shall be deemed a final judgment for purposes of appeal by the movant or the state." Clearly, in post-conviction motions, Rule 29.15(k) allows the appealability of an order. Rule 74.01(a)'s definition of a judgment encompasses an appealable order. Missouri appellate courts routinely have reviewed denial of orders in cases seeking post-conviction DNA testing. *See Belcher*, 299 S.W.3d 294; *State v. Ruff*, 256 S.W.3d 55 (Mo. banc 2008); *Weeks*, 140 S.W.3d 39; *Greer v. State*, 487 S.W.3d 476 (Mo. App. W.D. 2016); *Fields v. State*, 425 S.W.3d 215 (Mo. App. E.D. 2014); *Hamilton v. State*, 412 S.W.3d 333 (Mo. App. W.D. 2013); *State v. Waters*, 221 S.W.3d 416 (Mo. App. W.D. 2006); *Hudson v. State*, 190 S.W.3d 434 (Mo. App. W.D. 2006); *Phillips v. State*, 178 S.W.3d 679 (Mo. App. S.D. 2005); *Clayton v. State*, 164 S.W.3d 111 (Mo. App. E.D. 2005); *State v. Kinder*, 122 S.W.3d 624 (Mo. App. E.D. 2003); *State v. Westcott*, 121 S.W.3d 543 (Mo. App. W.D. 2003); and *State v. Tyler*, 103 S.W.3d 245 (Mo. App. E.D. 2003).

Further, and inexplicably, Judge Wilson's dissent claims that the dismissal of the interlocutory order in *Sanford v. CenturyTel of Mo.*, 490 S.W.3d 717 (Mo. banc 2016), also mandates dismissal in this case. In *Sanford*, the interlocutory order denied arbitration. *Id.* at 719. While section 435.440.1(1) specifically allows for an appeal from an order denying arbitration, the issue compelling dismissal in *Sanford* was the timing in which the appeal was sought from that interlocutory order. *Id.* at 719-20. Because appeal was not timely filed, it was dismissed. *Id.* at 723.

Additionally, *Sanford* recognized that "when an order finally disposes of all issues that it can be treated like a final judgment, even though titled an 'order'—such as in the case of Rules 29.15(k) and 24.035(k)." *Id.* at 722. Thereby, *Sanford* supports the conclusion in the instant case.

law pursuant to section 547.035.8. Mercer additionally informed the circuit court that findings of fact and conclusions of law in a post-conviction DNA testing motion were required and upheld by this Court in *Belcher*. Mercer requested an explanation for the circuit court's decision. Yet, the circuit court took no action.

Mercer brought the lack of findings of fact and conclusions law to the attention of the circuit court, referencing statutory and caselaw authority requiring their issuance. However, instead of easily correcting this, the circuit court chose to take no action. Mercer preserved this issue for appeal.

### *Application of Section 547.035*

■ Mercer raises three issues, claiming the circuit court erred in denying his section 547.035 motion before the state complied with the show cause order, failed to provide a hearing on his motion, and failed to issue findings of fact and conclusions of law pursuant to section 547.035.8. Mercer's assertion that the circuit court failed to issue findings of fact and conclusions of law pursuant to section 547.035.8 is dispositive.

The posture of this case and *Belcher* are identical. In *Belcher*, the defendant sought post-conviction DNA testing by filing a section 547.035 motion. *Belcher*, 299 S.W.3d at 295. The motion court did not hold a hearing but determined in a docket entry that "the entire file and records of the case conclusively show that [the movant] is not entitled to relief," and the court denied relief. *Id.* There were no other findings of fact or conclusions of law filed. *Id.*

On appeal, this Court found Rule 24.035(j), Rule 29.15(j), and section 547.035.8 all require a circuit court to issue findings of fact and conclusions of law. *Belcher*, 299 S.W.3d at 295. This Court explained:

'A mere recital or statement that the motion, files and records conclusively show that movant is entitled to no relief will not constitute compliance with [the post-conviction motion rule]. Nor will findings and conclusions be supplied by implication from the trial court's ruling.' The findings of fact and conclusions of law must be sufficiently specific to allow meaningful appellate review. Where the motion court determines a ground for relief is refuted by the files and records, the court should identify the portion of the file or record that does so.

*Belcher*, 299 S.W.3d at 296 (quoting *Barry v. State*, 850 S.W.2d 348, 350 (Mo. banc 1993)) (other internal citations omitted). The circuit court's mere conclusion in overruling the defendant's motion without identifying "any facts or parts of the file or record that supported that conclusion" was erroneous. *Id.* This Court reversed and remanded the case because section 547.035.8 required findings of fact and conclusions of law that were not made. *Id.*

Similarly, in this case, the circuit court did not hold a hearing on Mercer's motion and overruled his motion in a docket entry. The circuit court failed to identify any part of the file or record which would support this conclusion. Further, the circuit court inexplicably failed to issue findings of fact and conclusions of law when Mercer requested them. Without *any* findings of fact and conclusions of law, there can be no meaningful appellate review. *See Belcher*, 299 S.W.3d at 296.

### Conclusion

The circuit court's ruling is reversed and the case is remanded due to the circuit court's failure to issue findings of fact and conclusions of law as required by section 547.035.8.

Breckenridge, C.J., Stith and Russell, JJ., concur; Fischer, J., dissents in separate opinion filed; Wilson, J., dissents in separate opinion filed.

Zel M. Fischer, Judge, dissenting

I agree with Judge Wilson that there is no final judgment in this case, but write separately because if there were a final judgment, as the principal opinion holds, then there would be no reason to reverse and remand based on the allegation of error that the circuit court failed to issue findings and conclusions pursuant to § 547.035.8.[1] Mercer has not preserved this allegation of error because he failed to comply with Rule 78.07(c), which provides: "In all cases, allegations of error relating to the form or language of the judgment, **including the failure to make statutorily required findings**, must be raised in a motion to amend the judgment in order to be preserved for appellate review." (Emphasis added). In *Johnson v. State*, 388 S.W.3d 159, 168 (Mo. banc 2012), this

Court held that Rule 78.07(c) applies in the context of a Rule 29.15 motion for post-conviction relief. *See also Green v. State*, 494 S.W.3d 525, 529 (Mo. banc 2016) (noting that Rule 78.07(c) "applies in post-conviction relief proceedings"). That Rule 78.07(c) also applies in this context—a § 547.035 motion for post-conviction DNA testing—is even more evident, as Rule 78.07(c) specifically refers to "the failure to make **statutorily** required findings." (Emphasis added).

The principal opinion accordingly recognizes that Rule 78.07(c) applies when a circuit court fails to issue the findings and conclusions required by § 547.035.8, but insists Mercer raised the issue of the circuit court's failure to make findings and conclusions in a *pro se* letter sent to the circuit court. Even if this letter could be construed as a motion to amend the judgment pursuant to Rule 78.07(c), it could not have preserved the allegation of error

1. While I would dismiss the appeal for the simple reason that there is no final judgment, I also note that the principal opinion does not adequately address the State's argument that the appeal should be dismissed for the alternative reason that there is no statutory right to appeal a circuit court's ruling on a motion for DNA testing. Section 547.035, which governs motions for DNA testing, and § 547.037, which governs motions for release from custody after DNA testing, were enacted by the same bill. Using identical language, both sections require the circuit court to issue findings and conclusions when ruling on the respective motions. Curiously, though, the two sections then diverge—§ 547.037 expressly provides a right to appeal from the circuit court's findings and conclusions when it rules on a motion for release, but § 547.035 is silent on any right to appeal from the circuit court's findings and conclusions when it rules on a motion for DNA testing. *Compare* § 547.035.8 (regarding a motion for DNA testing, providing in full: "The court shall issue findings of fact and conclusions of law whether or not a hearing is held.") *with* § 547.037.6 (regarding a motion for release,

providing in full: "The court shall issue findings of fact and conclusions of law whether or not a hearing is held. **An appeal may be taken from the court's findings and conclusions as in other civil cases.**") (Emphasis added). Section 512.020, the general appeals statute, does not apply when the right to appeal is "clearly limited in special statutory proceedings." Although there is no dispute that this Court has previously resolved appeals of rulings on motions for DNA testing, it appears that the right to appeal has heretofore been assumed and unchallenged; there certainly has been no express holding or analysis of the relevant statutes from this Court. The principal opinion is incorrect in stating "this Court noted there was a right to review from section 547.035 rulings" in *State ex rel. Amrine v. Roper*, 102 S.W.3d 541, 549 n.1 (Mo. banc 2003). Not only is that citation to a *concurring* opinion, it also says nothing about the right to appeal a § 547.035 ruling. *See id.* The concurring opinion merely refers to the general operation of the statute, i.e., the circuit court's ability to "review an otherwise final judgment where DNA evidence may exist to exonerate a convicted felon." *See id.*

because it was untimely. The circuit court overruled Mercer's motion in an order dated April 21, 2014. "[A]ny motion to amend the judgment or opinion shall be filed not later than thirty days after the entry of judgment." Rule 78.04. Assuming, as the principal opinion holds, that the circuit court's order was a judgment, Mercer's motion to amend the judgment was due no later than May 21, 2014. Mercer's *pro se* letter was not filed until August 11, 2014. It was, therefore, untimely, and the circuit court had no authority to entertain it. *See* Rule 44.01(b) (providing that a circuit court "may not extend the time for taking any action" pursuant to Rule 78.04).

Notably, Mercer does not argue his *pro se* letter should be construed as a motion to amend the judgment. Instead, he argues Rule 78.07(c) should not be applied to the facts of this case because he was not notified that the circuit court overruled his motion until October 17, 2014, at which point the circuit court "lacked the authority to hear a motion to amend the judgment." But this should not excuse Mercer's failure to comply with Rule 78.07(c) because, at the time he was notified of the circuit court's ruling, there remained an avenue for redress. Rule 74.03 provides:

> Immediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. **If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment.** This Rule 74.03 shall not preclude relief under Rule 74.06.

(Emphasis added). When Mercer became aware that the circuit court failed to promptly notify him of its ruling on his motion, he should have sought to have the ruling set aside pursuant to Rule 74.03 so that the circuit court could enter a new ruling—giving Mercer a second chance to timely request findings and conclusions if necessary. Mercer did not pursue this available relief. Instead, he chose to appeal the circuit court's ruling, knowing there were no findings and conclusions to be reviewed. Mercer should not be allowed to complain of a lack of findings and conclusions in this Court when he failed to exhaust the opportunity provided by the rules to obtain the findings and conclusions in the circuit court.[2] It is my view that this Court should follow its own rules and I, therefore, dissent.

---

**2.** This is not to say, as the principal opinion misconstrues, that I believe "this Court is precluded from resolving Mercer's appeal because he failed to file a Rule 74.03 motion." Mercer's failure to file a Rule 74.03 motion goes to the matter of Mercer's preservation of error on appeal, not the separate matter of his ability to bring the appeal. I agree with the principal opinion that Mercer had a choice between: (1) seeking a late appeal, with no findings and conclusions, pursuant to Rule 30.03; and (2) before seeking a late appeal, attempting to set aside the judgment pursuant to Rule 74.03 in an effort to obtain findings and conclusions. It is not, as the principal opinion suggests, that I believe Mercer is "precluded from bringing this appeal" simply because he chose the former option. Rather, I would hold that Mercer failed to *preserve for appeal* his allegation of error that the circuit court failed to issue the statutorily required findings and conclusions because he elected to proceed on appeal without findings and conclusions, despite the opportunity to obtain them through this Court's rules. As the principal opinion recognizes, "had Mercer timely filed a Rule 74.03 motion, the trial court would be allowed to enter a new judgment and afford Mercer another opportunity to request findings and conclusions." Mercer, however, chose to forego this option.

**Paul C. Wilson, Judge, dissenting**

I respectfully dissent. The docket entry denying Mercer's motion for DNA testing under section 547.035 is not a "final judgment" or otherwise appealable under section 512.020 or any other statute. Accordingly, this Court should dismiss Mercer's appeal and allow him to request the trial court to enter an appealable final judgment.

"In Missouri, the right to appeal is purely statutory, and 'where a statute does not give a right to appeal, no right exists.'" *Fannie Mae v. Truong*, 361 S.W.3d 400, 403 (Mo. banc 2012) (quoting *Farinella v. Croft*, 922 S.W.2d 755, 756 (Mo. banc 1996)). Because nothing in sections 547.035 or 547.037 grants a special right of appeal when a circuit court denies a motion for DNA testing under section 547.035, Mercer must look to the general appeals statute in section 512.020 for such a right. Section 512.020(5) grants a right of appeal to any party aggrieved by the "final judgment in the case." For purposes of this statute, a "judgment" is an order that disposes of at least one of the claims in a lawsuit, and a "final judgment" is an order that disposes of all (or all remaining) claims in the lawsuit. *Wells Fargo Bank, N.A. v. Smith*, 392 S.W.3d 446, 452 (Mo.

banc 2013); *Buemi v. Kerckhoff*, 359 S.W.3d 16, 20 (Mo. banc 2011).

To be sure, Mercer was aggrieved by the April 21, 2014, docket entry denying his section 547.035 motion for DNA testing. But that is not enough. Even though the docket entry was an order,[1] it was not in the form of a "judgment" as required by this Court's rules. Under Rule 74.01, a "judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." The April 21 docket entry fails to meet this definition because it is not signed by the judge and was not denominated a "judgment."[2]

The requirement that a trial court must "denominate" its final ruling as a "judgment" *is not a mere formality*. It establishes a "bright line" test as to when a writing is a judgment. The rule is an attempt to assist the litigants and the appellate courts by clearly distinguishing between when orders and rulings of the trial court are intended to be final and appealable and when the trial court seeks to retain jurisdiction over the issue.

*City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997) (emphasis added).

Because there was never an appealable "final judgment" in this case, this Court must dismiss Mercer's appeal on that ba-

---

1. Under Rule 74.02, "[e]very direction of a court made or entered in writing and not included in a judgment is an order." Here, the April 21, 2014, docket entry meets this definition of "order" because it is a direction by the trial court that Mercer's section 547.035 motion for DNA testing be overruled.

2. The majority opinion would ignore the requirements of Rule 74.01(a) by relying on *State v. Reber*, 976 S.W.2d 450, 451 (Mo. banc 1998), which holds that an order denying a post-conviction motion under Rules 24.035 or 29.15 is appealable regardless of the signature and denomination requirements in Rule 74.01(a). But this Court steadfastly has refused to allow the *Reber* "exception" to swal-

low the Rule 74.01(a) "rule," noting that "to make clear that [Rules 24.035 and 29.15] provide an exception to the general rule that an order is not appealable, both of these rules *specifically provide* that '[a]n order sustaining or overruling a motion filed under the provisions of this [Rule] shall be deemed a final judgment for purposes of appeal by the movant or the state.'" *Sanford v. CenturyTel of Mo.*, 490 S.W.3d 717, 722 (Mo. banc 2016) (emphasis added). Because there was "no such provision for appeals of interlocutory orders [which are] subject to interlocutory appeal by statute," the Court in *Sanford* was obligated to dismiss the appeal. *Id.*

sis.[3] Then, Mercer can petition the circuit court to sign and enter an order (properly denominated as a "judgment") denying his section 547.035 claim, which will allow Mercer to avail himself of the appellate review to which both the majority opinion—and I—believe he is entitled.[4]

---

**3.** Mercer suggests that *Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 471 (Mo. banc 2011), and other decisions of this Court analyzing the question of whether there was an appealable "final judgment" in terms of the appellate court's jurisdiction, are invalid in light of *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009). But, because *Wyciskalla* dealt with the jurisdiction of the circuit courts rather than the more limited appellate jurisdiction of this Court and the court of appeals, *Wyciskalla* is not inconsistent with *Spicer* or other similar decisions. In any event, whether such questions are analyzed in terms of "jurisdiction" or simply "authority," it is clear—both before *and after Wyciskalla*—that an appellate court must dismiss any appeal that is not author-

ized by statute. *See Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 801 (Mo. banc 2012) ("A final judgment is a prerequisite to appellate review. If the circuit court's judgment was not a final judgment, then the appeal must be dismissed.") (citation omitted).

**4.** In that event, the trial court would have another opportunity to comply with section 547.035.8, which requires the trial court to "issue findings of fact and conclusions of law whether or not a hearing is held." Should the trial court neglect to do so, Mercer may then request that the trial court correct this error under Rule 78.07(c) and, by making such a request, preserve the issue for appeal should the trial court fail to comply.